The State v. Gomes.

---

## THE STATE OF KANSAS v. LEWIS GOMES.

### No. 689.   (57 Pac. 262.)

1. CRIMINAL LAW— *Trial for Misdemeanor— Wilful Absence of Defendant.* During the progress of a trial upon a complaint charging a misdemeanor, the defendant cannot by wilfully absenting himself oust the justice of jurisdiction to render a judgment upon the verdict; and an appeal from such judgment to the district court by the defendant confers jurisdiction upon that court of the case and the person of the defendant.

2. ——— *Dismissal of Count—Election.* The state, upon dismissing one count of a complaint charging several misdemeanors under the prohibitory laws, is not required to designate upon what specific sale it expected to rely for conviction upon the count it dismissed.

Error from Jackson district court; LOUIS A. MYERS, judge.   Opinion filed May 10, 1899.   Reversed.

*H. F. Graham,* county attorney, for The State.
*Crane & Woodburn,* for appellant.

The opinion of the court was delivered by

MAHAN, P. J. : This is an appeal from a judgment of conviction for a violation of the prohibitory law. The complaint was first filed with a justice of the peace. During the progress of the trial and before the state rested, the defendant and his counsel wilfully absented themselves from the court, and during their absence the court proceeded with the trial and

received the verdict of the jury. The next morning the defendant with his counsel appeared in court and urged their absence as a ground for arresting the judgment of the court. His motion was overruled, and he was sentenced to pay a fine of $200 and to be committed to the county jail for thirty days. He appealed to the district court. In that court, the defendant moved his discharge for the reason that the district court had acquired no jurisdiction of his person or to try the offense, because the justice's court had entered judgment without jurisdiction by reason of his absence from that court, and, hence, the appeal gave the district court no jurisdiction. He also filed a plea of former acquittal, based upon the same facts. The court denied his motion to discharge, and overruled his plea of former acquittal.

At the commencement of the trial in the district court, the county attorney dismissed as to the third count of the complaint, whereupon the defendant moved the court to require the county attorney to designate what particular sale he dismissed with the third count of the complaint. This was likewise denied by the district court. The defendant then objected to the introduction of any evidence, upon the ground that the court was without jurisdiction to try the case, and that the erroneous proceedings of the justice of the peace amounted, in law, to an acquittal. At the conclusion of the state's evidence the defendant moved the court to require the county attorney to elect upon what particular sales he relied for conviction upon the first count of the complaint. The court announced that it would not require an election until the evidence was all in. Defendant then announced that he would introduce no evidence "under the circumstances." Thereupon the state

The State v. Gomes.

made its election.   The defendant thereupon moved
the court for his discharge for the reason that there
was no election made until after the defendant had
rested his case, which motion was denied.   He then
asked that he be discharged for the reason that the
sale relied upon by the state for conviction under the
first count of the complaint was not the same sale re-
lied upon in the justice's court, which was denied.
There was a verdict of guilty upon the first count,
charging a sale, and upon the fifth count, for main-
taining a nuisance.

The defendant then filed his motion for a new trial,
which was denied, and then his motion in arrest of
judgment upon four several grounds, as follows :
(1) That the court had no jurisdiction of the defend-
ant ; (2) because the court had overruled his motion to
discharge on his plea of former jeopardy ; (3) because
the court refused to require the state to designate
what offense was charged in the third count, dis-
missed by the state after the jury was impaneled and
sworn ; (4) because there was no election in the jus-
tice's court and the district court could not tell upon
what offense he was acquitted in the justice's court.
The motion was likewise denied.

These several rulings of the court are assigned as
error.   The first, second and fourth assignments pre-
sent but one question, which is, Can a defendant by
his wilful refusal to be present during a part of the
progress of the trial, including the return of the ver-
dict, oust the jurisdiction of the court to pronounce a
valid judgment upon such verdict, and render judg-
ment so pronounced actually void for want of juris-
diction ?   If the justice's court had jurisdiction to
render the judgment, however erroneously it may
have proceeded, by the appeal the district court ac-

5—9 KAN. APP.

quired jurisdiction to try the case *de novo*, as provided by the statute in such cases. Upon the authority of *The State v. Adams*, 20 Kan. 323–327, we answer the question in the negative. See, also, *The State v. Polson*, 29 Iowa, 133. There is nothing in the law requiring the state to elect or designate to the defendant by what proof he expected to sustain the cause of action which is dismissed. The refusal of the court to require the state to elect, at the conclusion of its evidence, upon what particular sale it would rely for a conviction upon the remaining count charging an unlawful sale was erroneous and prejudicial to the rights of the defendant. It was his right to know what offense he had to meet with his evidence. The supreme court of this state has settled this matter beyond cavil by several decisions.

The sixth assignment of error cannot be sustained. The supreme court has said upon two occasions that a trial in the district court upon appeal was the same as though the complaint had been therein originally filed; that the state was not confined to its election in the inferior court; that the defendant knew this and took his chance when he appealed; and that the state might elect upon any particular sale that it saw fit that supported the charge.

The matters urged upon the motion in arrest of judgment are not within the statute providing therefor.

For the failure of the court to require the state to elect at the close of its evidence upon what sale it would rely for conviction under the first count, the judgment upon that count will be reversed, and the cause remanded with directions to grant the defendant a new trial thereon. The judgment upon the fifth count will not be disturbed.