State v. Gaultney.

THE STATE v. GEORGE GAULTNEY, Appellant.

**Division Two, May 9, 1912.**

1. **PREPONDERANCE OF EVIDENCE: Not Matter for Appellate Court.** However the evidence may preponderate in favor of appellant, if there was substantial evidence to prove the crime charged, the appellate court will not determine its weight or reverse the verdict.

2. **INSTRUCTIONS: Refusal: Not Preserved.** Any error which the trial court may have committed in refusing instructions asked by appellant is not for review in the appellate court unless such instructions are preserved in the bill of exceptions.

3. ————: **Self-defense: Failure to Instruct: No Ground of Motion for New Trial.** Altogether the evidence clearly warranted an instruction for self-defense, and it is the duty of the trial court to instruct on all the material issues arising in criminal cases whether requested or not, yet if appellant failed to specifically designate in his motion for a new trial the court's failure to give such an instruction, the court's failure to so instruct is not reversible error. An assignment in the motion that "the court failed to instruct the jury fully as to the law of the case, as requested by defendant at the conclusion of the testimony" is not sufficient to preserve for review the trial court's failure to instruct on the law of self-defense.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*R. J. Smith* and *C. P. Hawkins* for appellant.

At the close of all the testimony, the defendant offered five instructions and all were refused, and all are lost, or misplaced, except the first, asking the court to instruct on all of the law of the case. It was the duty of the court to so instruct whether requested to do so by the defendant or not. R. S. 1909, sec. 5244; State v. Albricht, 144 Mo. 638; State v. Duncan, 116 Mo. 298; State v. Clayton, 100 Mo. 516; State v. Hayes, 89 Mo. 262; State v. Myers, 174 Mo. 353. The instructions given on behalf of the State in said cause were error. State v. Cushing, 29 Mo. 215; State v. Stout, 31 Mo. 406.

State v. Gaultney.

*Elliott W. Major,* Attorney-General, and *Campbell Cummings,* Assistant Attorney-General, for the State; *Alex Z. Patterson* of counsel.

Only one instruction asked by appellant is preserved in the record, and by it appellant asked that the court instruct on all the law of the case. It was the duty of appellant, in fairness to the court, if he desired further instructions given, to call the court's attention to any matter of law arising in the case upon which the court had failed to instruct. State v. Goldsby, 215 Mo. 48.

BROWN, J.—At the June term, 1911, of the Dunklin Circuit Court, defendant was convicted of feloniously shooting, with intent kill, one J. M. Harris; and appeals from a judgment of that court fixing his punishment at a fine of $100.

The defendant and prosecuting witness, Harris, made a "share crop" of cotton during the season of 1910; and were angry with each other over a dispute about who should pick the cotton.

On November 18, 1910, prosecuting witness Harris used defendant's team and wagon to haul a load of cotton to the town of Campbell, Missouri. The defendant met Harris at Campbell, where they engaged in a quarrel, and Harris offered to fight defendant; which offer was declined by defendant on the ground that he had no money to pay a fine.

About eight o'clock that evening prosecuting witness Harris returned the team and wagon to defendant's barn lot, whereupon defendant scolded him for keeping the team out so late. Harris replied that he did not want any difficulty in defendant's own lot; whereupon defendant offered to follow Harris to any place that the latter might wish to fight.

On receiving this challenge, Harris threw a glass of jelly at defendant, inflicting a severe wound on his head, and knocking him against the wagon.

Up to this point there is no substantial conflict in the evidence. Prosecuting witness Harris and a young man who had been riding with him in the wagon testified that immediately after being struck with the glass of jelly, defendant drew a pistol from his pocket and shot twice at Harris, the only effect of which was a very slight wound upon the wrist of the latter.

Defendant and his son (who was present) testified that defendant did not shoot at Harris at all; but that on the contrary, after throwing the glass of jelly, Harris drew a pistol and shot twice at defendant, one of which shots took effect in defendant's hand. There were no additional eye witnesses to the assault.

Additional evidence was introduced tending to corroborate both the prosecuting witness and the defendant. The corroborating evidence preponderates in favor of defendant; but as we cannot try this class of cases *de novo* like actions in equity, it is only necessary for us to determine that there was substantial evidence to support the finding of the jury to the effect that defendant did shoot at and attempt to kill the prosecuting witness, as charged in the information.

The defendant seeks a reversal on the ground that the court misdirected the jury, and also that the court erred in failing to instruct on "all the law of the case."

The court refused six instructions requested by defendant, but as they are omitted from the bill of exceptions, any error which the trial court may have committed in refusing them is not before us for review.

The five instructions given by the court of its own motion properly define the offense charged, and the penalty therefor, and included the law of reasonable doubt.

The evidence warranted an instruction on the law of self-defense. The prosecuting witness admitted that

he struck defendant with a glass of jelly "as hard as he could throw it," before the latter made any hostile demonstration. Such a blow, coupled with evidence that said prosecuting witness had other missiles in his hands which he might also have thrown at defendant, undoubtedly warranted the submission to the jury of an instruction defining the law of self-defense. However, the defendant does not complain of that error. His main defense is that he did not shoot at Harris at all, which seems to have misled the trial court into the error of omitting to instruct on self-defense.

Granting that the trial court erred in omitting to instruct on self-defense, the defendant wholly failed to call its attention to such omission. It is the duty of the trial court to instruct on all the essential questions of law arising in criminal cases, "whether requested or not." However, when any instruction is omitted which ought to have been given, it becomes the duty of the defendant in his motion for a new trial to *specifically* designate the points upon which the court omitted to give necessary instructions, to the end that such court may correct its errors by awarding a new trial before granting an appeal. [State v. Noeninger, 108 Mo. 166.]

In the instant case, the defendant merely moved the court to set aside the verdict "because the court failed to instruct the jury fully as to the law of the case, as requested by defendant at the conclusion of the testimony in the case." This assignment was insufficient, and the error of the trial court in failing to instruct on the law of self-defense must be disregarded. [State v. Conway, 241 Mo. 271.]

The information correctly informed the defendant of the crime charged; there was no error in the admission or exclusion of evidence, and the record contains no reversible error; therefore the judgment is affirmed. *Ferriss, P. J.,* and *Kennish, J.,* concur.