(May 29, 1920.)

## STATE, Respondent, v. VICENTE BILBOA, Appellant.

[190 Pac. 248.]

CRIMINAL LAW—DEMURRER TO INFORMATION—FUTURE PROSECUTION—ELECTION.

1. If a demurrer to an information is allowed, the judgment is final and a bar to a future prosecution for the same offense, unless the court directs the prosecuting attorney to file another information, or, in case of an indictment, directs the case to be resubmitted to the same or another grand jury; but in order that the action of the court in sustaining a demurrer may be a bar to a future prosecution, proof must be submitted that the offense thereafter charged is the same.

2. C. S., sec. 8829, does not authorize inclusion in an information of more than one offense, except when the offenses charged relate to the sales of intoxicating liquor.

3. The fact that two offenses are charged in a complaint before a committing magistrate does not deprive the prosecuting attorney of power to file an information charging an offense for which the accused has been held to answer.

4. Where an information charges more than one offense, contrary to the provisions of the statute, a demurrer thereto on the ground of duplicity in the information should be granted.

5. Where an information charges more than one offense, a motion on the part of defendant that the state be required to elect upon which charge it will prosecute should be granted at the opening of the trial, and where the motion is renewed at the close of the state's evidence, it is prejudicial error to deny the same.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Defendant was convicted of transporting intoxicating liquor. *Reversed and remanded.*

Chas. F. Reddoch and Frawley & Koelsch, for Appellant.

An act, though it violate two or more statutes, can only be punished under one. (*State v. Gutke,* 25 Ida. 737, 139 Pac. 346.)

Nor should the state be permitted to divide this one act into three parts and prosecute for each of them. (*Hughes v. Commonwealth,* 131 Ky. 502, 115 S. W. 744, 31 L. R. A., N. S., 693.)

When a demurrer to an information is allowed, the judgment is a bar to another prosecution for the same offense, unless the court directs a new information. (Sec. 7746, Rev. Codes.).

The state should have been required to elect at the close of its testimony. (*State v. Gomes,* 9 Kan. App. 63, 57 Pac. 262; *State v. Finch,* 71 Kan. 793, 81 Pac. 494; *McLaughlin v. State,* 2 Okl. Cr. 343, 102 Pac. 713; *State v. Poull,* 14 N. D. 557, 105 N. W. 717.)

---

4. Time and method of objecting to indictment or information on ground of duplicity, see note in 10 Ann. Cas. 1004.

T. A. Walters, Former Attorney General, J. P. Pope, Assistant, R. L. Black, Attorney General, James L. Boone, Assistant, and E. S. Delana, Prosecuting Attorney, for Respondent.

The trial court has authority, upon the allowance of a demurrer to an information, to direct the prosecuting attorney to file a new information, or to resubmit the case to a committing magistrate for a preliminary hearing. (Secs. 7655, 7658, 7662, 7745, 7746, 4229, Rev. Codes; *State v. Braithwaite,* 3 Ida. 119, 27 Pac. 731; *State v. Farris,* 5 Ida. 666, 51 Pac. 772; *Snyder v. Viola Mining etc. Co.,* 3 Ida. 28, 26 Pac. 127; *In re Pierce,* 8 Ida. 183, 67 Pac. 316; *In re Fowler,* 5 Cal. App. 549, 90 Pac. 958.)

The prosecuting attorney may include in one complaint or one information all of the offenses which defendant has committed against the liquor laws of Idaho. (Sec. 13, chap. 15, 1911 Sess. Laws.)

The district court may, in the exercise of a wise discretion, direct the prosecuting attorney to elect as to the counts or causes of action charging the defendant with more than one offense under the laws relating to intoxicating liquors, such election to be made at any time prior to the pronouncing of judgment by the court. (Sec. 7230, Rev. Codes; *State v. Gutke,* 25 Ida. 737, 139 Pac. 346; *Andrews v. People,* 117 Ill. 195, 7 N. E. 265; *Bigcraft v. People,* 30 Colo. 298, 70 Pac. 417; *State v. Houx,* 109 Mo. 654, 32 Am. St. 686, 19 S. W. 35; Bishop, New Cr. Proc., secs. 454, 425; *Kelly v. People,* 17 Colo. 130, 29 Pac. 805; *Roberts v. People,* 11 Colo. 213, 17 Pac. 637.)

RICE, J.—Appellant was convicted of the crime of transporting intoxicating liquor. On Oct. 2, 1916, an information was filed against him, charging possession and transportation of intoxicating liquor. A demurrer to the information was sustained, and the prosecuting attorney granted ten days in which to file an amended information. After the expiration of the ten-day period, upon application of the prosecuting attorney, the court entered an order directing

that the cause be resubmitted to a justice of the peace for the purpose of allowing a new preliminary examination upon matters connected with the charges contained in the information. On Dec. 21, 1916, a new complaint was filed before a committing magistrate, charging appellant with transporting intoxicating liquor for beverage purposes, possession of intoxicating liquor for beverage purposes, possession of intoxicating liquor, and possession of intoxicating liquor within the state of Idaho. The committing magistrate ordered that appellant be held to answer upon the charges contained in the complaint. On Jan. 29, 1917, the prosecuting attorney filed an information charging appellant with the crimes of transporting intoxicating liquor for beverage purposes, of having in his possession intoxicating liquor for beverage purposes and of having in his possession intoxicating liquor. Appellant moved to set aside this information, and also demurred thereto. The motion and demurrer were overruled, and appellant thereupon filed a motion that the state be required to elect upon which of the offenses charged it would prosecute, which motion was denied. At the trial, and before the introduction of any evidence, the appellant renewed his motion to require the state to elect, which motion was denied with leave to renew the same later. The motion was renewed by appellant after the state had rested, which motion the court denied but reserved the right to sustain it when all the evidence had been submitted. No evidence was introduced on the part of appellant, and the court thereupon of its own motion required the state to elect. The first cause of action stated in the information, namely, transportation of intoxicating liquor, was elected by the state.

On Dec. 23, 1916, appellant filed a motion that he be discharged and that his money deposited instead of bail be refunded. The court denied his motion to dismiss and ordered that his bond be exonerated. The ruling of the court in declining to dismiss is assigned as error.

It is urged that the court, having sustained a demurrer to the information, further prosecution was barred because

the amended information was not filed within the time given by the court in its order sustaining the demurrer, and the court's subsequent order directing the prosecuting attorney to submit the case for re-examination before a committing magistrate was void.

C. S., sec. 8874, is as follows: "If a demurrer is allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be resubmitted to the same or another grand jury."

It is to be observed that an order sustaining a demurrer to an indictment, or information, bars another prosecution for the same offense. The distinction between "offense," as used in C. S., sec. 8874, and "act" or "omission," as used in C. S., sec. 8602, is discussed in the case of *State v. Gutke,* 25 Ida. 737, 139 Pac. 346. It is a sufficient answer to the contention in this case that it does not appear upon the face of the record that the complaint laid before the committing magistrate charged the same offense as the information to which the demurrer had been sustained. Although the charge contained in the complaint appeared to state an offense of the same nature as that contained in the former information, it would have required additional evidence to show that the offense charged was the same, or that it grew out of the same transaction, which evidence was not produced in support of the motion.

Appellant moved to quash the information upon several grounds, all of which are based upon the proposition that the complaint laid before the committing magistrate charged four separate offenses. The motion was properly overruled.

A preliminary examination before a committing magistrate is in no sense a trial. The purpose is to obtain the judgment of a magistrate to the effect that a crime has or has not been committed, and if committed that there is reasonable ground to believe that the person accused is guilty of committing the crime. It is not to be expected, nor is it required, that the same formality and precision must obtain in a preliminary examination as is required upon the trial.

Duplicity in criminal pleading is an irregularity, and even in the trial of a case in the district court an objection that the indictment or information charges more than one offense may be waived. (C. S., secs. 8878, 9010; *State v. McBride*, 72 Wash. 390, 130 Pac. 486; *State v. Mahoney*, 24 Mont. 281, 61 Pac. 647; *People v. Shotwell*, 27 Cal. 394; *Ince v. State*, 77 Ark. 426, 93 S. W. 65; *Connors v. United States*, 158 U. S. 408, 15 Sup. Ct. 951, 39 L. ed. 1033, see, also, Rose's U. S. Notes.)

While under the statutes it is clearly contemplated that a complaint laid before a committing magistrate shall charge a single offense, yet the fact that it charges more than one offense is an irregularity which is not of so fundamental a character as to deprive the prosecuting attorney of power to file an information, where the committing magistrate has held the accused to answer for the offense afterward set out in the information. (See *Sothman v. State*, 66 Neb. 302, 92 N. W. 303.) Nor is it fatal that the magistrate has found the offenses specified in the complaint to have been committed and has held the accused to answer for them all. Should the prosecuting attorney afterward file one information charging all the offenses for which the accused has been held to answer, the accused is not deprived of any substantial right. Upon arraignment he has ample opportunity to object to the information by demurrer, and may, if he chooses, require the state to elect upon which of the charges he shall be prosecuted.

The trial court should have sustained the demurrer to the information, upon the ground that it stated more than one offense. The general rule is that an indictment or information must charge but one offense. (C. S., secs. 8829, 8870.)

The only exception to this rule is found in C. S., sec. 2642, as follows:

"When a defendant has been held to answer to the district court for more than one offense under the laws of this state relating to the sale of intoxicating liquors, the prosecuting attorney may, in filing his information against such defendant, include therein all the offenses for which such defendant is then held to answer to such district court, stat-

ing each offense under separate counts in such information, and, upon the filing of such information, the proceedings thereunder shall be the same as though one offense only were charged therein: Except that, upon the trial of such defendant thereunder, he may be convicted of one or more of the offenses charged therein as the evidence may warrant, and the failure of the jury to find the defendant guilty under any count shall be deemed an acquittal of the defendant of the offense contained in such count.''

The foregoing section, however, refers only to offenses committed in making sales of intoxicating liquor, and cannot be enlarged to include other offenses against the prohibition law. However, the error in failing to sustain the demurrer might have been cured had the court required the state to elect upon which of the charges stated appellant should be put upon his trial. In this case the information having charged more than one offense, the state should have been required to elect at the opening of .the trial, but appellant renewed the motion at the close of the state's case. The action of the court in denying the motion was error. (*State v. Gomes,* 9 Kan. App. 63, 57 Pac. 262; *Moss v. State,* 3 Ala. App. 189, 58 So. 62; *State v. Schweiter,* 27 Kan. 500; *State v. Harris,* 51 Mont. 496, 154 Pac. 198; *State v. Miller,* 263 Mo. 326, Ann. Cas. 1916A, 1099, 172 S. W. 385; *State v. Poull,* 14 N. D. 557, 105 N. W. 717; *Dix v. Commonwealth,* 110 Va. 907, 67 S. E. 344; *State v. Roby,* 128 Minn. 187, Ann. Cas. 1915D, 360, 150 N. W. 793; 22 Cyc. 408.)

The fact that appellant introduced no evidence does not render the error of the court nonprejudicial. His failure to introduce evidence may have been caused by the action of the court in refusing to require the state to elect. (See *Moss v. State* and *State v. Gomes, supra.*)

The judgment is reversed and the cause remanded to the district court for further proceedings in accordance with the views herein expressed.

Morgan, C. J., concurs.

Budge, J., sat at the hearing in the above cause but took no part in the opinion.