(May 29, 1920.)

## STATE, Respondent, v. T. C. HALL, Appellant.

[190 Pac. 251.]

CRIMINAL LAW — INFORMATION — DUPLICITY — DEMURRER—MOTION IN ARREST OF JUDGMENT.

1. Where an information charges more than one offense and a demurrer is interposed upon that ground, and the jury finds the defendant guilty of all the offenses charged, a motion in arrest of judgment should be granted.

2. Where a motion in arrest of judgment has been interposed by a defendant who has been found guilty of several offenses charged in a single information, to which information a demurrer has been filed upon the ground of duplicity, it is error for the court to grant the motion as to all but one of the offenses of which defendant has been found guilty, and to permit the prosecuting attorney to select the offense upon which the defendant shall be sentenced.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Defendant was convicted of having in his possession intoxicating liquor, and appeals. *Reversed and remanded.*

Chas. F. Reddoch and Frawley & Koelsch, for Appellant.

When a demurrer is allowed to an information, the court is the only power or authority by which the prosecution can be continued, and its right is exercised by adjudicating at the time of allowing the demurrer that in its opinion the objection may be avoided in a new indictment or information, and without this being done the prosecution is at an end. (*In re Pierce*, 8 Ida. 183, 67 Pac. 316; *Territory v. Munroe*, 10 Ariz. 53, 85 Pac. 651; *Ex parte Hayter*, 16 Cal.

2. Legal effect of order sustaining motion in arrest of judgment, see note in Ann. Cas. 1912A, 975.

App. 211, 116 Pac. 370; *Ex parte Hughes,* 160 Cal. 388, 117 Pac. 437; *Ex parte Williams,* 116 Cal. 512, 48 Pac. 499; *People v. Ammerman,* 118 Cal. 23, 50 Pac. 15; *State v. Comfort,* 22 Minn. 271; *State v. Holton,* 88 Minn. 171, 92 N. W. 541; *People v. Zerillo,* 146 App. Div. 812, 131 N. Y. Supp. 500; *People v. Davis,* 163 App. Div. 662, 148 N. Y. Supp. 988; *People v. Rosenthal,* 197 N. Y. 394, 90 N. E. 991, 46 L. R. A., N. S., 31; *Ex parte Dodson,* 3 Okl. Cr. 514, 107 Pac. 450; *State v. Crook,* 16 Utah, 212, 51 Pac. 1091.)

In the information a single act or set of acts has been segregated into four separate and distinct offenses, which is forbidden by sec. 7230 Rev. Codes. (*State v. Gutke,* 25 Ida. 737, 139 Pac. 346.) An indictment or information must charge but one offense. (*State v. Gruber,* 19 Ida. 692, 115 Pac. 1.)

The court erred in refusing to require the state to elect. (12 Standard Procedure, 679, 680, 681, 686; *State v. Gomes,* 9 Kan. App. 63, 57 Pac. 262; *State v. Finch,* 71 Kan. 793, 81 Pac. 494; 14 R. C. L., sec. 42, p. 199; *State v. Nelson,* 14 Rich. L. (S. C.) 169, 94 Am. Dec. 130.)

"The objection that an indictment is bad for duplicity should be by demurrer, by motion to quash, or by motion that the prosecution be required to elect between the offenses, and a failure to do so waives the objection and it cannot be raised by motion in arrest of judgment." (12 Cyc. 762; *State v. McBride,* 72 Wash. 390, 130 Pac. 486; *People v. Clement,* 4 Cal. Unrep. 493, 35 Pac. 1022.)

T. A. Walters, Former Atty. General, J. P. Pope, Assistant, R. L. Black, Atty. General, James L. Boone, Assistant, and E. S. Delana, Prosecuting Attorney, for Respondent, rely upon brief for respondent in *State v. Bilboa.*

RICE, J.—The appellant was convicted of the crime of having in his possession intoxicating liquor. The information upon which he was tried and convicted contains three counts, as follows: Transporting intoxicating liquor; pos-

session of intoxicating liquor for beverage purposes, and possession of intoxicating liquor.

To this information appellant filed a demurrer, among several grounds setting up the following: That more than one offense is charged in said information; that said information segregates one act or omission into three separate and distinct offenses as set forth in the three causes of action thereof. This demurrer was overruled.

At the opening of the trial, the appellant moved to require the state to elect upon which charge it would go to trial, which motion was overruled. At the close of the state's testimony, the motion to require the state to elect was renewed, and denied by the court.

The court instructed the jury in part as follows: "Should the jury believe from the evidence beyond a reasonable doubt that the defendant is guilty of any one or more of the offenses charged in the information, he may be convicted of one or more of such offenses; and the failure of the jury to find guilty under any count shall be deemed an acquittal of the defendant of the offense contained in such count. And the defendant may be found not guilty of one or more of said offenses."

The jury convicted the appellant upon the three counts charged in the information, whereupon a motion in arrest of judgment was made, setting up among other grounds, the following: "That the defendant has been convicted of three separate and distinct offenses based upon one act, and therefore subject to three separate punishments for one crime."

This motion was granted as to two of the counts and the prosecuting attorney directed to elect upon which charge he desired appellant sentenced. He thereupon elected to have appellant sentenced upon the charge of possession of intoxicating liquor.

The offenses charged in this information, not relating to the sale of intoxicating liquor, do not come within the provisions of C. S., sec. 2642, and it was error for the court to overrule the demurrer, as well as to refuse to require the state to elect. (*State v. Bilboa, ante,* p. 128, 190 Pac. 248.)

The defect in the information complained of, having been made the subject of demurrer, was not waived and the motion in arrest of judgment should have been granted. The action of the trial court in sustaining the motion as to two of the counts did not render this error harmless. The motion being good as to two of the counts was equally well taken as to the third.

Other assignments of error are urged. In the case of *State v. Bilboa, supra,* similar assignments are considered and decided.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Morgan, C. J., and Budge, J., concur.