(February 13, 1922.)

## STATE, Respondent, v. HAMP B. COOPER, Appellant.

[204 Pac. 204.]

CRIMINAL LAW—INFORMATION CHARGING MORE THAN ONE OFFENSE—
DEMURRER.

Where an information charges more than one offense, contrary
to the provisions of the statute, the action of the court in over-
ruling a demurrer thereto, on the ground of duplicity in the in-
formation, is error.

APPEAL from the District Court of the Third Judicial
District, for Ada County. Hon. Charles F. Reddoch, Judge.

Defendant was convicted of having in his possession in-
toxicating liquor. *Reversed* and *remanded.*

E. P. Barnes, for Appellant.

Provisions concerning indictments are applicable to infor-
mations. (C. S., sec. 8812.) The indictment must charge
but one offense. (C. S., secs. 8829, 8870.)

C. S., sec. 2642, permitting the prosecuting attorney to
include in his information more than one offense under the
laws of this state relating to the sale of intoxicating liquor
refers only to offenses committed in making sales of intoxi-
cating liquor and cannot be enlarged to include other offenses
against the prohibition law. (*State v. Bilboa,* 33 Ida. 128,
190 Pac. 248.)

The demurrer to the information was well taken and fail-
ure to sustain the same was error. (*State v. Bilboa, supra;
State v. Hall,* 33 Ida. 135, 190 Pac. 251.)

Roy L. Black, Attorney General, and James L. Boone,
Assistant, for Respondent.

Where an information states two offenses, the error, if any,
may be cured by the court's action in compelling the state
to elect at the close of the state's case or before the defense
has opened its case. (*State v. Hall,* 33 Ida. 135, 190 Pac.

251; *State v. Bilboa*, 33 Ida. 128, 190 Pac. 248; *State v. Gomes*, 9 Kan. App. 63, 57 Pac. 262; *Moss v. State*, 3 Ala. App. 189, 58 So. 62; *State v. Miller*, 263 Mo. 326, 172 S. W. 385; *State v. Poull*, 14 N. D. 557, 105 N. W. 717; *State v. Roby*, 128 Minn. 187, Ann. Cas. 1915D, 360, 150 N. W. 793; *State v. Harris*, 51 Mont. 496, 154 Pac. 198.)

Neither a departure from the form or mode prescribed by the Compiled Statutes in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid unless the substantial rights of the defendant have been prejudiced. (Secs. 8835, 9084, 9191, C. S.)

BUDGE, J.—Appellant was convicted of the crime of having in his possession intoxicating liquor. On November 29, 1918, an information was filed against him, charging transportation and possession of intoxicating liquor. A demurrer to the information, upon the ground that more than one offense was charged therein, was overruled, to which ruling the defendant excepted and thereupon pleaded not guilty to the information. At the close of the state's case, the court required the state to elect upon which charge it would stand, and the state elected to rely upon the charge of possession of intoxicating liquor, of which appellant was thereafter convicted and sentenced to serve a term in the county jail and to pay a fine of $150.

This appeal is from the judgment and an order denying a motion for a new trial. Appellant makes thirteen assignments of error, attacking the action of the trial court in overruling appellant's demurrer to the information and renewals thereof at each step in the proceedings, in admitting certain exhibits, in giving two instructions, in overruling and denying a motion in arrest of judgment and the motion for new trial.

The principal question presented by this appeal is whether the court erred in overruling appellant's demurrer to the information.

C. S., sec. 8829, provides that an indictment must charge but one offense, and by C. S., sec. 8812, it is provided that

the statutory provisions relating to indictments shall be applicable to informations. That more than one offense is charged in an indictment is ground for demurrer. (C. S., sec. 8870.) Appellant was charged in the same information with transportation and with possession of intoxicating liquor. The trial court should have sustained the demurrer to the information, upon the ground that it stated more than one offense. (*State v. Bilboa,* 33 Ida. 128, 190 Pac. 248.)

The offenses charged in the information, not relating to the sale of intoxicating liquor, do not come within the provisions of C. S., sec. 2642, and it was error for the court to overrule the demurrer. (*State v. Hall,* 33 Ida. 135, 190 Pac. 251.)

In view of the conclusion which we have reached, it is unnecessary to discuss the remaining assignments of error. The judgment and order appealed from must be reversed, and the cause is remanded with directions to sustain the demurrer and make such further orders as may be found advisable.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.