(November 4, 1922.)

STATE, Respondent, v. ALBERT BROWN and ROY CHRISTOPHERSON, Appellants.

[211 Pac. 60.]

CRIMINAL LAW — INTOXICATING LIQUOR — VIOLATION OF PROHIBITION LAW—REOPENING CASE FOR INTRODUCTION OF FURTHER EVIDENCE—DUPLICITY—CHARGING COMMISSION OF SINGLE OFFENSE IN DIFFERENT WAYS.

    1. It is within the discretion of the trial court to permit the state to reopen its case and introduce further evidence while a motion for an instruction advising the jury to acquit is pending.

    2. When a violation of a criminal statute may be committed in one or more of several ways specified, an indictment or information may, in a single count, charge the commission of the offense in any or all of the ways specified by the statute, if the different acts alleged are not repugnant and constitute component parts of one transaction.

APPEAL from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

From a judgment of conviction of unlawful possession of intoxicating liquor defendants appeal. Judgment *affirmed.*

Miller & Ricks, for Appellants.

The indictment must charge but one offense. (C. S., sec. 8829; *State v. Bilboa,* 33 Ida. 128, 190 Pac. 248; *State v. Hall,* 33 Ida. 135, 190 Pac. 251; 12 Standard Ency. Proc. 499; *Crowell v. State,* 15 Ariz. 66, 136 Pac. 279; *State v. St. Louis & S. F. R. Co.,* 83 Ark. 249, 103 S. W. 623; *State v. Hull,* 83 Iowa, 112, 48 N. W. 917; *State v. Wester,* 67 Kan. 810, 74 Pac. 239; *Commonwealth v. Fuller,* 163 Mass. 499, 40 N. E. 764; *Smith v. State,* 32 Neb. 105, 48 N. W. 823; *State v. Mattison,* 13 N. D. 391, 100 N. W. 1091; *Kimbrell v. State,* 7 Okl. Cr. 354, 123 Pac. 1027; *State v. Anderson,* 35 Utah, 496, 101 Pac. 385.)

It is error to permit the state, in a criminal prosecution, to reopen its case and prove the venue after a motion has been made to dismiss the cause for such failure. (C. S., sec. 8941, subd. 4.)

Roy L. Black, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

Where a penal statute mentions several acts disjunctively and prescribes that each shall constitute the same offense and be subject to the same punishment, an indictment may charge any or all of such acts conjunctively as constituting a single offense. (22 Cyc. 380, notes 87, 88; 14 R. C. L., sec. 32, notes 8 and 9; Bishop, Statutory Crimes, sec. 244; *State v. Bradley,* 15 S. D. 148, 87 N. W. 590; *State v. Laymon,* 40 S. D. 381, 167 N. W. 402; *Ex parte Johnson,* 6 Cal. App. 734, 93 Pac. 199.)

It is discretionary with the trial court to reopen a case for the reception of additional evidence to establish venue.

(Sec. 8941, C. S.; 16 C. J., sec. 2190, p. 870, sec. 2191, p. 871; *State v. Gibbs*, 105 Kan. 52, 181 Pac. 569; *People v. Kennedy*, 48 Cal. App. 545, 192 Pac. 556; *Froman v. Commonwealth*, 19 Ky. Law Rep. 948, 42 S. W. 728; *State v. Murphy*, 9 Nev. 394; *State v. Martin*, 102 Miss. 165, 59 So. 7; *Brooks v. State*, 12 Ga. App. 104, 76 S. E. 765; *State v. Waln*, 14 Ida. 1, 80 Pac. 221.)

MCCARTHY, J.—Appellants were convicted of unlawful possession of intoxicating liquor. The assignments of error are, (1) the court erred in overruling the demurrer to the information and denying appellants' motion in arrest of judgment, (2) the court erred in admitting certain of the state's exhibits without giving the appellants an opportunity to cross-examine the identifying witnesses, (3) the court erred in permitting the state to reopen its case and introduce further evidence of venue after appellants had interposed a motion for an advisory instruction to acquit.

We will discuss the assignments in inverse order. It was within the discretion of the trial court to permit the state to reopen its case and introduce further evidence of venue while a motion for an advisory instruction was pending, and the court did not abuse its discretion in permitting it. (*Froman v. Commonwealth*, 19 Ky. Law Rep. 948, 42 S. W. 728; *Brooks v. State*, 12 Ga. App. 104, 76 S. E. 765; *State v. Martin*, 102 Miss. 165, 59 So. 7; *State v. Murphy*, 9 Nev. 394; 16 C. J., sec. 2190, p. 870.)

It does not appear from the record that appellants demanded or were refused the right to cross-examine the witnesses who identified the state's exhibits. On the contrary, it appears that the witnesses left the stand without any effort on the part of appellants' counsel to cross-examine them and no request was made that they be recalled for cross-examination.

Appellants demurred to the information and moved in arrest of judgment, on the ground of duplicity in the information. The information states that appellants are

accused of the crime of unlawful possession of intoxicating liquor committed as follows:

"That said Albert Brown and Roy Christopherson on or about the 21st day of December, A. D. 1920, and prior to the filing of this information, at the County of Madison, and within the State of Idaho did wilfully and unlawfully, import, ship, transport, deliver, receive and have in their possession certain intoxicating liquor, namely, a certain distilled spirituous liquor, commonly called 'Moonshine Whiskey.' ''

C. S., sec. 2621, upon which the information is based, reads:

"Sec. 2621. It shall be unlawful for any person to import, ship, sell, transport, deliver, receive or have in his possession any intoxicating liquors except as in this article provided."

C. S., sec. 8829, provides:

"Sec. 8829. The indictment must charge but one offense, but the same offense may be set forth in different forms under different counts, and, when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

Under the rule adopted by those courts, which represent the great weight of authority, the information is not duplicitous.

"It is a generally recognized rule of criminal pleading that, when an offense against a criminal statute may be committed in one or more of several ways specified by the statute, the indictment may in a single count charge the commission of the offense in any or all of the ways specified by the statute; and, when a statute mentions several acts disjunctively and prescribes that each act shall constitute the same offense and be subject to the same punishment, an indictment may charge any or all of such acts conjunctively, as a single offense. But the rule does not apply when repugnancy results from charging the acts conjunctively; nor does the rule apply where the acts are distinct and are performed ·at different times and do not constitute component parts of one

transaction." (*State v. Laundy,* 103 Or. 443, 204 Pac. 958, at 966.)

"Where the statute makes either of two or more distinct acts connected with the same general offense, and subject to the same measure and kind of punishment, indictable separately and as distinct crimes, when each shall have been committed by different persons and at different times, they may, when committed by the same person and at the same time, be coupled in one count as constituting all together one offense only. In such cases the offender may be informed against as for one combined act in violation of the statute, and proof of either of the acts mentioned in the statute and set forth in the information will sustain a conviction." (*State v. Schweiter,* 27 Kan. 499; *State v. Sherman,* 81 Kan. 874, 107 Pac. 33.)

"When a statute enumerates a series of acts, either of which separately, or all together, may constitute the offense, all of such acts may be charged in a single count; for the reason that notwithstanding each act may, by itself, constitute the offense, all of them can do no more, and likewise constitute but one and the same offense." (*People v. Gosset,* 93 Cal. 641, 29 Pac. 246.)

To the same effect see: *State v. Bradley,* 15 S. D. 148, 87 N. W. 590; *State v. Laymon,* 40 S. D. 381, 167 N. W. 402; *Ex parte Johnson,* 6 Cal. App. 734, 93 Pac. 199; *People v. Burns,* 53 Hun, 274, 6 N. Y. Supp. 611; *Commonwealth v. Tobias,* 141 Mass. 129, 6 N. E. 217; *Herman v. People,* 131 Ill. 594, 22 N. E. 471, 9 L. R. A. 182; *State v. Becker,* 20 Iowa, 438; *State v. Baughman,* 20 Iowa, 497; *State v. Carr,* 6 Or. 133; *Commonwealth v. Nichols,* 10 Allen (Mass.), 199; *State v. Burns,* 44 Conn. 143. See, also, 22 Cyc. p. 380, 5, notes 87 and 88; 1 Bishop's New Criminal Procedure, 2d ed., sec. 436, pp. 355, 356; Black on Intoxicating Liquors, sec. 441. See, also, a long line of cases cited in *State v. Laundy, supra,* at p. 969. We approve of the rules above set forth.

The information does not charge more than one offense. The different acts charged are but different means of com-

mitting the offense created by C. S., sec. 2621. They are not repugnant, and constitute component parts of one transaction. It was permissible to charge all these acts conjunctively in the same information.

Reading the information as a whole, it is clear that the intention was to charge appellants with but one crime, to wit, unlawful possession, and that the allegations of importing, shipping, transporting, delivering and receiving are simply allegations of the means by which that offense was committed.

Appellants rely on the following decisions of this court: *State v. Bilboa,* 33 Ida. 128, 190 Pac. 248, *State v. Hall,* 33 Ida. 135, 190 Pac. 251, *State v. Cooper,* 35 Ida. 73, 204 Pac. 204, in all which it was held that informations charging in separate counts transportation and possession of intoxicating liquor were duplicitous, and judgments of conviction were reversed on that ground. In all these cases it was contended by appellants, and apparently conceded by the state, that the informations charged more than one offense. The state did not contend that the several acts mentioned in the information constituted but different means of committing one offense. It was not urged that the different acts constituted part of the same transaction. These decisions therefore do not pass upon the precise question which is raised here, and are not in point.

We conclude that the information charges but one offense and that the court properly overruled the demurrer and denied the motion in arrest of judgment.

The judgment is affirmed.

Budge, Dunn and Lee, JJ., concur.

Petition for rehearing denied. .