(No. 5243. March 30, 1929.)

STATE, Respondent, v. FONG WEE, Appellant.

[275 Pac. 1112.]

E. B. Smith and Wm. M. Morgan, for Appellant.

W. D. Gillis, Attorney General, and Fred J. Babcock and Leon M. Fisk, Assistant Attorneys General, for Respondent.

BUDGE, C. J.—Appellant was charged by information with a violation of the provisions of Sess. Laws 1923, chap. 60, p. 68, an act—

"Making it unlawful to practice any system or method of treating the sick or afflicted, other than by religious ministrations, without having a license issued by the state; mak-

ing it unlawful to use certain professional names or abbreviations, and prescribing penalties therefor.''

Demurrer to the information was overruled, after which appellant entered a plea of not guilty and was tried and convicted. Motion in arrest of judgment was denied. This appeal is taken from the judgment of conviction.

 The principal question here is whether the information was defective, appellant's contention being that it was duplicitous as charging more than one offense. The information charged a violation of secs. 1 and 2 of the act above referred to, following substantially the language of the statute, and the difference between the positions taken by appellant and the state is whether these sections, considered together, set forth one or two crimes. That more than one offense is charged in an information or indictment is ground for demurrer, and motion in arrest of judgment may be founded on any of the defects in the information or indictment that are grounds for demurrer, unless the objection has been waived by failure to demur. (C. S., secs. 8812, 8870, 9019.) Sections 1 and 2 of chap. 60, *supra*, provide:

"Section 1. It shall be unlawful for any person, or persons, to practice or attempt to practice, or to advertise, or hold himself or themselves out as practicing, any system or mode of treating the sick or afflicted, either man or beast, in this state, or to diagnose, treat, operate for, prescribe for, any disease, injury, deformity, or other mental or physical condition of any person, or animal, for a fee or compensation of any kind either directly or indirectly, without having at the time of so doing a valid unrevoked certificate or license issued by the state of Idaho to perform or prescribe such service.

"Sec. 2. It shall be unlawful for any person or persons to hold himself or themselves out as practicing any system or mode of treating the sick, or the afflicted, man or beast, or in any sign, or in any advertisement use the words 'doctor' or 'professor,' or the letters or prefix 'Dr.' or 'Prof.' or any other term or letters indicating or implying

that he is a doctor, physician and surgeon, or practitioner, without having at the time of so doing a valid unrevoked certificate or license granted by the state of Idaho to perform or prescribe such service.''

We think it is apparent from a reading of these two sections in connection with the title of the act, also quoted hereinabove, that it was the legislative intention to make all or any of the acts designated in section 1 an offense, and all or any of the acts designated in sec. 2 another or additional offense. If it were otherwise, it would not have been necessary in the title to set out that the acts covered by the two sections were each made unlawful, nor is it likely each of the sections would have provided for the necessity of having a license or certificate issued by the state in order for a person or persons doing any of the things therein set out not to be subject to prosecution.

It is contended by the state that chap. 60 was taken from the Medical Practice Act of California, sec. 17 (Cal. Stats. 1913, p. 734; Henning's General Laws of California, p. 1719), and we are urged to apply the rule, found in Black on Interpretation of Laws, p. 597, that:

''If the legislature of a state, in enacting a statute, literally or substantially copies the language of a statute previously existing in another state, or borrows from such statute a provision, clause, or phrase, the same having received a settled judicial interpretation in the state of its origin, it is presumed that the enactment was made with knowledge of such interpretation, and that it was the design of the legislature that the act should be understood and applied according to that interpretation.''

The state next directs attention to the case of *People v. Rutledge*, 172 Cal. 401, 156 Pac. 455, wherein the supreme court of California held an information containing the averment that the accused ''did willfully and unlawfully practice, attempt to practice and advertise and hold himself out as practicing a system and mode of treating the sick and afflicted in the state of California without then and there having a valid, unrevoked certificate authorizing him to

practice a system or mode of treating the sick and afflicted in this state from the board of medical examiners of the state of California," sufficiently charged a violation of sec. 17 of the Medical Practice Act (Stats. Cal. 1913, p. 734) and was not open to the criticism that it sought to impute many offenses to defendant because any one of the acts or omissions averred and conjunctively pleaded would suffice as the basis of an information.

The difficulty of applying the rule of interpretation urged by the state is the presence of a number of distinctions which should be nonexistent if the rule is to be invoked. The information in the California case charged only a violation of what may be likened to the provisions of sec. 1 of the Idaho statute. If that had been the extent of the charging part of the information in the instant case, we should not hesitate to follow the California court in holding it invulnerable for duplicity. Again, the Idaho statute, unlike the paragraph of the California act, is divided into two distinct and separately numbered sections, which, in connection with the wording of the title to the act, indicates the legislative intention to make the violation of each section a separate offense. It is true, the one California section includes with some degree of similarity what is the substance of both secs. 1 and 2 of the Idaho statute, but it is quite unnecessary for us here to attempt to decide whether more than one offense is covered by the whole of sec. 17 of the California act. It is noted, however, that the California cases dealing with their sec. 17, so far as we have been able to discover, have concerned charges made for practicing, attempting to practice, advertising and holding out as practicing a system and mode of treating the sick and afflicted without having a valid, unrevoked certificate from the state board of medical examiners (similar to sec. 1 of the Idaho statute), and have not related to an instance where the accused has been charged also with a violation of the section in the use of the word "doctor" or any other term or letters indicating or implying that he was a doctor, physician, etc. (similar to the offense covered by sec. 2 of the Idaho statute). It

should also be remembered that in this state the indictment or information may charge but one offense (C. S., sec. 8829), whereas in California it is permissible to charge two or more different offenses, connected together in their commission, in the one indictment or information. (Kerr's Penal Code, sec. 954.) An information might withstand attack in California, when it would be subject to demurrer in Idaho. But in *People v. Plath,* 166 Cal. 227, 135 Pac. 954, it was held that an indictment charging a violation of California Penal Code, sec. 337a, relating to gambling by pool selling, bookmaking, bets, wagers, etc., and declaring that any person who does any act specified in any of six separate and distinct subdivisions, numbered from 1 to 6, inclusive, is punishable by imprisonment, etc., contained many separate and distinct offenses not so related to the same act, transaction or event as to be chargeable in one indictment under California Penal Code, sec. 954. The offenses described in secs. 1 and 2 of Sess. Laws 1923, chap. 60, do not relate to the same act, transaction or event, and under a statute as broad as sec. 95 of the California Penal Code an indictment containing allegations purporting to show a violation of the two sections of our statute undoubtedly would be demurrable.

We are satisfied secs. 1 and 2 of the Idaho statute set forth separate and distinct offenses, independent of each other, and that an information such as that before us, attempting to charge violations of the two sections, is in conflict with C. S., sec. 8829, permitting the charging of but one offense, and was therefore subject to demurrer for the reasons urged. The demurrer should have been sustained. (*State v. Bilboa,* 33 Ida. 128, 190 Pac. 248; *State v. Cooper,* 35 Ida. 73, 204 Pac. 204.) The only exception to this rule under the procedure in this state is under C. S., sec. 2642, relating to violations of the prohibition law in the sales of intoxicating liquor.

The state argues that in the case of *State v. Bowman,* 40 Ida. 470, 235 Pac. 577, the conviction of the defendant was upheld under an information charging a violation of C. S.,

sec. 8271, which, like secs. 1 and 2 of chap. 60 of Sess. Laws 1923, is divided into two paragraphs, and that the information therein charged a crime constituting different acts set forth in the two paragraphs of the section. While in that case it appears the point was raised by appellant that the information was duplicitous, it was not discussed in the opinion, and there was only the bare conclusion that the information charged but one offense. At any rate, we do not think that decision, construing an altogether different statute, militates against our views in the instant case.

In view of the conclusions reached it is unnecessary to discuss other assignments of error. The judgment is reversed and the cause remanded with directions to sustain the demurrer and make such further orders as may be found advisable.

Givens and Wm. E. Lee, JJ., and Adair and Baker, D.JJ., concur.