(No. 6643.   March 9, 1939.)

STATE, Respondent, v. CHARLES C. PATTERSON, Appellant.

[88 Pac. (2d) 493.]

J. P. Reed, for Appellant.

J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Respondent.

MORGAN, J.—It is recited in the amended information that Charles C. Patterson is accused of the crime of assault with a deadly weapon. The charging part is as follows:

"That the said Charles C. Patterson, on or about the 26th day of December, 1937, in the County of Gem, State of Idaho, then and there being, did then and there, willfully, unlawfully, and feloniously, commit an assault with a deadly weapon, (being a loaded 12 gauge pump shot gun), upon the person of another to wit: one Dorothy Hull, by then and there carelessly, negligently and wantonly and recklessly, firing said 12 gauge pump shot gun, at and toward the house of one Merle Hull, the said Charles C. Patterson well knowing that the said Merle Hull house was occupied and well knowing that said house was in range of said 12 gauge pump shot gun, and the said Charles C. Patterson fired said 12 gauge pump shot gun, while he the said Charles Patterson was standing at the rear of his house located in Circle Addition and being in the city limits of the City of Emmett, State of Idaho, and in a thickly populated portion of said City of Emmett, and fired said 12 gauge pump shot gun toward the house of said Merle Hull, at night time while he, the said Charles C. Patterson could not see 50 feet in front

of him, and while the said Dorothy Hull was standing in the doorway of the house of said Merle Hull, which said doorway is approximately 145 feet from the rear of the Patterson property, shots from said 12 gauge pump shot gun entering the left eye of said Dorothy Hull and blinding her in said eye.''

Appellant demurred to the information on the ground, among others, that more than one offense is charged therein. The demurrer was overruled and the ruling is assigned as error.

■ ■ Appellant was accused in the information of an assault with a deadly weapon. An assault is defined by I. C. A., sec. 17–1201, as follows:

''An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.''

Sec. 17–1206 provides:

''Every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable by imprisonment in the state prison not exceeding two years, or by fine not exceeding $5000, or by both.''

■ The allegations of the charging part of the information are sufficient to also accuse appellant of battery which is defined by sec. 17–1203 to be ''any wilful and unlawful use of force or violence upon the person of another.''

Sec. 19–1313 which has been made applicable to informations by sec. 19–1204, provides: ''The indictment must charge but one offense, . . . . '' and sec. 19–1603 makes the charging of more than one offense ground for demurrer. (*State v. Bilboa*, 33 Ida. 128, 190 Pac. 248; *State v. Hall*, 33 Ida. 135, 190 Pac. 251; *State v. Cooper*, 35 Ida. 73, 204 Pac. 204; *State v. Fong Wee*, 47 Ida. 416, 275 Pac. 1112; *State v. McDermott*, 52 Ida. 602, 17 Pac. (2d) 343.)

■ ■ Although the language of the charging part of the information is sufficient to describe both assault with a deadly weapon and battery, it is not duplicitous. The clear purpose and intent of the prosecuting attorney to accuse appellant of but one crime, to wit, assault with a deadly

weapon, appears in the information, and amounts to an election to proceed against him for that crime alone. The demurrer was properly overruled.

Appellant entered a plea of not guilty. Trial resulted in his conviction of an assault with a deadly weapon from which, and from an order overruling his motion for a new trial, he has appealed.

He contends an assault with a deadly weapon cannot be committed accidentally nor negligently; that an indispensable element of the crime is intent to commit a violent injury on the person of another. He relies on *State v. Yturaspe*, 22 Ida. 360, 125 Pac. 802. That case is not in point, because the element of criminal negligence is absent therefrom.

Section 17–1201 which appears, inferentially, to limit assaults to wilful attempts to do violence, must be read and construed in connection with sec. 17–114, which provides:

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

Respondent contends an assault with a deadly weapon, or instrument, or by a means or force likely to produce great bodily injury, may be committed if the perpetrator, though lacking a wilful intent to commit it, is guilty of criminal negligence in the use of the weapon, instrument, means, or force whereby it is committed. The weight of authority sustains this contention. In *Brimhall v. State*, 31 Ariz. 522, 255 Pac. 165, 166, 53 A. L. R. 231, the Supreme Court of Arizona said:

"Whether one is criminally liable for personal injury inflicted upon another depends upon the character or kind of negligence. If it is a failure to exercise ordinary care the injured person may have his action for damages, but the state has never thought to punish him as for a crime. Where, however, the injury is the result of reckless, wanton, and willful conduct, showing an utter disregard for the safety of others, the law imputes to the wrongdoer a willful and malicious intention even though he may not in fact have entertained such intention."

The Supreme Court of Illinois in *People v. Benson*, 321 Ill. 605, 152 N. E. 514, 516, 46 A. L. R. 1056, said:

"We do not think that the evidence in this case warrants the finding that Benson had the specific intent in his mind to strike or collide with the other car at the time he was passing it with his Ford coupe, but the evidence does warrant the finding of the judge who tried the case that he was guilty of reckless driving and speeding while attempting to pass the car which was shown to be traveling about 25 or 30 miles an hour at the time it was struck, and that his conduct on this occasion was shown, beyond a reasonable doubt, to be so reckless, wanton, and willful as to show an utter disregard for the safety of the persons in the Chevrolet car. Under the previous holdings of this court such a finding is sufficient to convict the defendant of an assault with a deadly weapon, as charged in the indictment in question. *People v. Anderson*, 310 Ill. 389, 141 N. E. 727."

See, also: *People v. Vasquez*, 85 Cal. App. 575, 259 Pac. 1005; *Winkler v. State*, 45 Okl. Cr. 322, 283 Pac. 591; *Chambliss v. State*, 37 Ga. App. 124, 139 S. E. 80; *Shorter v. State*, 147 Tenn. 355, 247 S. W. 985; *State v. Schutte*, 87 N. J. L. 15, 93 Atl. 112; *Bleiweiss v. State*, 188 Ind. 184, 119 N. E. 375, and, on petition for rehearing, 122 N. E. 577. Valuable notes on this subject will be found in 53 A. L. R. at p. 254 and 99 A. L. R. at p. 835.

The third and fourth instructions given to the jury are as follows:

"3. The term 'criminal negligence' as used in this instruction, means not merely such negligence as might be the foundation of a damage suit, but reckless and wanton acts of such a character as to show an utter disregard for the safety of others.

"4. Negligence may be defined to be the omission or want of ordinary care; and ordinary care is such care as an ordinarily prudent person would exercise under like circumstances. Negligence may consist in the failure to do that which an ordinarily prudent person would do under the circumstances, or the doing of that which an ordinarily prudent person would not do under the circumstances. The care

to be exercised to be ordinary care must be proportioned to the danger reasonably to be apprehended from the circumstances."

Instruction 4 did not advise the jury that the negligence therein referred to is not criminal negligence, nor that the measure of care which "an ordinarily prudent person would exercise under like circumstances" was not to be applied to the case under consideration.

■ ■ It is the duty of the jury to consider the charge given in its entirety, but if two instructions are given, one of which states a principle of law as being applicable to certain facts, and which if followed, would require a verdict in favor of plaintiff, and the other states a principle of law as being applicable to the same facts, which, if followed, would require a verdict in favor of defendant, such instructions are so irreconcilable and confusing as to constitute prejudicial error. (*State v. Bowker*, 40 Ida. 74, 231 Pac. 706; *State v. Hix*, 58 Ida. 730, 78 Pac. (2d) 1003.) The fourth instruction should not have been given.

■ [VII] This court, in *State v. Taylor*, 59 Ida. 724, 87 Pac. (2d) 454, defined criminal negligence, which will make an act a crime within the meaning of sec. 17–114, as follows:

"Criminal negligence is gross negligence, such negligence as amounts to a wanton, flagrant, or reckless disregard of consequences or wilful indifference of the safety or rights of others, (*State v. McMahan*, 57 Ida. 240, 241, 256, 65 Pac. (2d) 156) which may be by either or both commission or omission. *Philby v. State*, (Okl. Cr.) 76 Pac. (2d) 412; *State v. Coulter*, (Mo.) 204 S. W. 5."

■ ■ Appellant has assigned as error the failure of the judge to so instruct the jury as to state all matters of law necessary for its information, as required by sec. 19–2032, which is a part of our code of criminal procedure, and provides:

"In charging the jury, the court must state to them all matters of law necessary for their information. Either party may present to the court any written charge and request that it be given. If the court thinks it correct and

pertinent, it must be given; if not, it must be refused. . . . . ''

Among other specifications, appellant assigns failure to instruct that the plea of not guilty put in issue each and every material allegation of the information; failure to instruct that the burden rested on the state to prove every material allegation of the information; failure to instruct that a defendant in a criminal action is presumed to be innocent until that presumption is overcome by competent evidence beyond a reasonable doubt; failure to instruct that the jury should not convict the defendant unless it was satisfied of his guilt beyond a reasonable doubt; failure to instruct as to the meaning of the term ''reasonable doubt''; failure to instruct by giving a definition of the crime of assault with a deadly weapon, or by explaining to the jury the nature and elements of that crime. No instruction was requested on either of these points.

Appellant contends it was the duty of the judge to instruct the jury with respect to the general principles of law pertinent to the case, whether requested to do so or not, and that failure to do so is prejudicial error. He cites in support of that contention: *People v. Peck,* 43 Cal. App. 638, 185 Pac. 881; *People v. Wagner,* 65 Cal. App. 704, 225 Pac. 464; *People v. Scofield,* 203 Cal. 703, 265 Pac. 914; *People v. Bill,* 140 Cal. App. 389, 35 Pac. (2d) 645; *People v. Heddens,* 12 Cal. App. (2d) 245, 55 Pac. (2d) 230; *People v. Best,* 13 Cal. App. (2d) 606, 57 Pac. (2d) 168; *People v. Manzo,* (Cal. App.) 64 Pac. (2d) 1112; *State v. Henson,* 106 Mo. 66, 16 S. W. 285; *Thomas v. Commonwealth,* 146 Ky. 790, 143 S. W. 409; *State v. Gaultney,* 242 Mo. 388, 146 S. W. 1153; *Williams v. Commonwealth,* 254 Ky. 277, 71 S. W. (2d) 626; *State v. Clary,* 84 Vt. 110, 78 Atl. 717, Ann. Cas. 1912D, 64; *McLendon v. State,* 14 Ga. App. 737, 82 S. E. 317; *Hendrix v. State,* 25 Ga. App. 12, 102 S. E. 377; 16 C. J., pp. 1055–1058.

The attorney general admits prejudicial error has been committed in this particular and quotes from *People v. Manzo,* (Cal. App.) 64 Pac. (2d) 1112, 1133, as follows:

''As in substance and effect has been judicially determined by the appellate courts of this state in each of several

cases—on the trial of a criminal action it is the bounden duty of the trial court, of its own motion, to give to the jury pertinent instructions by which the jury may be correctly informed with respect to the essential legal principles that are applicable to the evidence that has been adduced; and that failing in that regard, the fact that proper instructions have not been requested by either party to the action will not cure such error."

To this statement is appended the citation of a number of California cases.

The attorney general quotes from *People v. Curran,* 24 Cal. App. (2d) 673, 75 Pac. (2d) 1090, 1092, as follows:

"Although it is not the duty of the court to give instructions to the jury upon specific points developed by the evidence unless such instructions are requested, it is nevertheless the duty of the court in criminal actions to give to the jury instructions on the general principles of law pertaining to the case on trial."

The attorney general also brings to our attention a number of cases holding an omission to charge on a particular point is not available to appellant in the absence of a requested instruction thereon. Among these cases are the following, decided by this court: *State v. Harness,* 10 Ida. 18, 76 Pac. 788; *State v. Jurko,* 42 Ida. 319, 245 Pac. 685; *State v. Roby,* 43 Ida. 724, 254 Pac. 210; *State v. Smailes,* 51 Ida. 321, 5 Pac. (2d) 540. A number of other Idaho cases might be added to that list.

Although it has not been stated carefully, always, the rule should be limited in its application as it was in *State v. Roby,* above cited, as follows:

"An omission to charge on a particular point cannot be assigned as error where no instruction on the point has been requested by appellant."

In applying this rule the phrase *"on a particular point"* is not to be overlooked, for it distinguishes points which appear to counsel to be especially applicable to the case from those general principles of law, the application of which is indispensable to criminal cases generally. The word "par-

ticular'' is defined by Webster's New International Dictionary, second edition, thus:

''1. Relating to a part or portion of anything; separate; sole; single; individual; specific; as, the *particular* stars of a constellation; also, *Obs.*, comprising a part only; partial in extent; not universal. Opposed to *general*.''

We have no statute requiring the judge to advise counsel, beforehand, of what will be included in the instructions, and believe it to be the general practice of attorneys to rely on the judge, of his own motion, to give what are commonly referred to as ''stock instructions,'' in criminal cases, covering such questions as ''burden of proof,'' ''presumption of innocence'' and ''reasonable doubt,'' and to advise the jury as to the nature and elements of the crime charged. The practice is not general in this state, if it exists at all, of preparing requests for instructions stating the fundamental principles of law, applicable to all criminal cases, which are generally given by the judge of his own motion.

Undoubtedly it was the intention of the legislature in enacting sec. 19–2032 to charge the judge with the duty of instructing the jurors on what he believes to be ''matters of law necessary for their information,'' and to permit counsel to request instructions on particular points which they have reason to believe will not be covered unless request therefor be made.

The judgment and order appealed from are reversed and the cause is remanded to the district court with instructions to grant appellant a new trial.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.