[No. 1559.   Decided November 30, 1894.]

THE STATE OF WASHINGTON, *Respondent, v.* JOHN HANSEN, *Appellant.*

CRIMINAL LAW—DISMISSAL OF INFORMATION—FILING NEW ONE
—RIGHTS OF ACCUSED—SPEEDY TRIAL.

Where an information has been quashed and a new one filed against the accused, the fact that the accused had not been brought to trial within sixty days after the filing of the original information against him, cannot be urged as an objection to his trial upon the second one.

The order of the court granting the motion of the prosecuting attorney to quash an information, and for leave to file a new one, will not work a loss of jurisdiction of the court over the person of the defendant, although the record does not disclose the ground of the courts' action ; but, from the recital in the journal entry of the transaction that "the court after being fully advised in the premises grancs said motion," it will be presumed that sufficient cause existed to warrant the action of the court, under the terms of Code Proc. § 1315, which provides that when it appears at any time before judgment, that a mistake has been made in charging the proper offense, the defendant shall not be discharged, if there be good cause to detain him, but the court must recognize him to answer the offense shown.

Code Proc. § 1372 providing that an information may de dismissed in furtherance of justice, and requiring the reason of the dismissal to be set forth in the order, which must be entered upon the record,

applies only to those cases which the prosecution desires to dismiss without any intention of renewing in some other form.

The fact that, at the time a defendant is brought to trial upon an information charging him with the crime of burglary by an unlawful entry in the night time, the information is quashed on motion of the prosecuting attorney and a new information filed charging an unlawful breaking and entry in the day time, to which defendant was given ample time to plead and prepare for trial, does not constitute error.

*Appeal from Superior Court, Whitman County.*

*Chadwick, Fullerton & Wyman,* for appellant.

*J. N. Pickrell,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

STILES, J.—On the 20th day of November, 1893, appellant was brought to trial upon an information charging him with the crime of burglary committed in the night time. Thereupon the prosecuting attorney moved the court to quash the information, and for leave to file a new one. The journal entry of the transaction contains the only statement in the record concerning the court's action upon this motion, and is as follows :  '' The court after being fully advised in the premises grants said motion, and also grants leave to file a new information.''  The prosecutor forthwith filed a new information, charging burglary generally ; a warrant was issued ; appellant was arrested thereon ; he was arraigned immediately, and was given until December 4th to plead.

Before the entry of his plea, appellant moved to quash the new information upon several grounds, which are here presented, viz :  1.   That the court had no jurisdiction of the subject matter or of the person of the defendant, or to try him upon the information ;  2.   That the information was not filed within thirty days after defendant was held to answer ;  3.   That defendant had not been brought to trial within sixty days after the filing of an information against him.

We shall dispose of the last two of these grounds at this

point.   As to the second ground, it is sufficient to say that
this record does not show when, if ever, appellant had been
held to answer.   As to the third, we are of the opinion that
if the second information could be filed at all, it must be
held that the accused had no right to urge against a trial
upon it that a time greater than sixty days had elapsed since
the filing of some former information which was no longer
in the case.

After overruling the appellant's motion, the court entered
a plea of not guilty for appellant, he standing mute, and the
cause proceeded until January 17, when a trial was had
which resulted in a verdict of guilty.

At every proper stage of the case appellant renewed his
objections, and now presents them here.   His allegations of
error are based upon two propositions, viz:   1.   That the
quashing of an information on motion of the prosecutor, un-
less the reason of the court's action be set forth in the order
entered in the record, as required by Code Proc., § 1372,
works the loss of jurisdiction of the court over the person of
the defendant.   2.   That, under the circumstances stated,
it was error to allow the filing of a new information charg-
ing burglary generally.

Concerning Code Proc., § 1372, we are of the opinion
that its provisions go no further than those cases where the
prosecutor desires for some valid reason, "in furtherance of
justice," as the statute expresses it, to dismiss the charge
against the accused without any intention to renew it in
some other form.   It is a statutory prohibition against the
entry of a *nolle prosequi* at the mere instance of the prose-
cuting attorney, and without the assent of the court, and
is followed by Code Proc., § 1373, abolishing the entry of
*nolle prosequi*, and prohibiting the "discontinuation or
abandonment" of a prosecution, except as provided for in
the preceding section.   If, in such a case, the record should
show that the dismissal occurred because the court was of
the opinion that the preliminary examination disclosed no
probable cause for believing the accused to be guilty of any
offense, it might be a protection to him against another in-

formation filed without another examination before a magistrate ; or, if it showed that the accused had agreed that, if discharged, he would testify fully and freely against an accomplice, although in so doing he would state facts tending to criminate himself, and he could also show that in fulfillment of that agreement he had so testified, a further prosecution might be barred, since that would be a strong instance of the furtherance of justice and of fair dealing as well. But where, as in this case, by the motion made, which was to quash, dismiss or withdraw the information (whichever it may be called), with leave to file another information, the request showed upon its face that there was no intention to abandon the prosecution, the reason for the application of this statute fails.

Such cases clearly come under Code Proc., § 1315, which provides that when it appears at any time before judgment that a mistake has been made in charging the proper offense, the defendant shall not be discharged, if there be good cause to detain him, but the court must recognize him to answer the offense shown. The only purpose of such a proceeding must be to allow the filing of a new information covering the actual offense. In this case the record is silent as to the causes which moved the court to the action taken. But we are bound to presume that sufficient cause existed, not only because of the presumption attaching to the act, but because the record says that the court was fully advised in the premises. It was entirely within the power of the appellant to preserve the facts upon which the court acted, either by a statement of facts or bill of exceptions, but that has not been done. If the ground for the motion was that the preliminary examination left it doubtful whether the acts constituting the alleged crime were committed during the period designated by the phrase " in the night time," and therefore rendered the outcome of a trial uncertain, that would be a proper ground for the proceeding taken ; and from the face of the two informations it seems altogether likely that such was the reason for the motion in this case.

The statute, Penal Code, § 46, defines the offense of burg-lary to be an unlawful entry in the night-time, or an unlaw-ful breaking and entry in the day-time, with intent to com-mit a misdemeanor or a felony.    The first of these informa-tions charged according to the former, and the second accord-ing to the latter of these definitions, the state taking upon itself the burden of showing the breaking, and enlarging the period to the whole of the twenty-four hours.    Appel-lant was given full time to plead and more than a month in which to prepare for trial, and we think he has no good ground for complaint.

This case is entirely unlike that of *State v. Van Cleve,* 5 Wash. 642 (32 Pac. 461), where the information was merely amended, without re-verification, arraignment or plea, and the defendant was forced to proceed in a trial already begun.    But even in that case the appellant was not ordered discharged.

Judgment affirmed.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.