## Berkley v. Commonwealth.

(Decided April 20, 1915.)

### Appeal from Trigg Circuit Court.

1. Criminal Law—Insufficient Indictment—Resubmission to Grand Jury—Limitation.—Where an indictment is dismissed for insufficiency, with leave to resubmit to the grand jury, and the matter is again submitted without releasing or discharging the accused and a new indictment returned, the prosecution is continuous and dates from the time the first indictment is returned.

2. Criminal Law—Insufficient Indictment—Resubmission to Grand Jury—Limitation.—Where, on July 30th, 1910, the accused is charged by warrant with the offense of seducing a female under twenty-one years of age under promise of marriage, and to avoid the prosecution marries the prosecuting witness on August 4th, 1910, and abandons her within three years without such cause as constitutes a statutory ground of divorce, and on January 27th, 1912, the grand jury returns an indictment, to which a demurrer is sustained on September 8th, 1914, with leave to resubmit to the grand jury then in session, and on September 12th, 1914, a new indictment is returned, the prosecution is continuous and dates from the time the first indictment was returned; and that indictment having been returned within less than four years after the alleged abandonment, the prosecution was not barred by the four year period of limitation fixed by the statute.

3. Criminal Law—Seduction—Evidence.—Where defendant is arrested under a warrant charging him with seducing a female under twenty-one years of age under a promise of marriage, and to avoid the prosecution marries the prosecuting witness and is subsequently indicted for abandoning her within three years without just cause, the record of the original prosecution is admissible to show the purpose of the marriage and the circumstances under which the abandonment took place.

4. Criminal Law—Seduction—Evidence.—On a prosecution for seduction under a promise of marriage where the defendant is charged with marrying the prosecuting witness and then abandoning her within three years without statutory cause, the prior indictment to which a demurrer was sustained is competent evidence for the purpose of showing that the prosecution was begun within four years after the abandonment.

5.    Criminal Law—Evidence.—Where evidence improperly admitted
     is withdrawn from the consideration of the jury and the jury is
     admonished not to consider it for any purpose, the error, if any,
     is cured.

ROBERT CRENSHAW and HODGE LESTER for appellant.

JAMES GARNETT, Attorney General, and CHAS H. MORRIS,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

Defendant, Harvey Berkley, seduced Maude Whitney, a girl under twenty-one years of age, under a promise of marriage. He was indicted and convicted and sentenced to the penitentiary. He appeals.

Briefly stated, the facts are these: The prosecuting witness and defendant lived in Trigg County. She was fifteen years of age and he sixteen years of age. He seduced her under a promise of marriage and she gave birth to a child. After his refusal to marry her she had him arrested for the offense of seduction under a promise of marriage. The case was set for hearing on August 4th, 1910. When the case came on for trial defendant offered to marry the prosecuting witness. The license was obtained and they were married. After the marriage defendant went home and the prosecuting witness went home with her father. She and her witnesses say that defendant did not offer to take her home with him. A short time after the marriage he did come and tell that he was going to Missouri to live and would take her with him. She consented, but told him she needed some clothes for herself and baby. Defendant never furnished any clothes. Two or three days later he came by in a wagon and said: "If you are going get ready. I am gone." She told him she was not ready as the baby did not have any clothes. He never stopped, but just passed on.

Defendant and his witnesses say that after the marriage he asked his wife if she was going home with him, whereupon she replied: "No, sir, I am going like I come." He also claims that the night after the marriage he went by her father's home and asked her to go to church with him. This she declined to do. He further says that he had made arrangements with his father to permit him and his wife to live with his father. When

he started to go to Missouri he went by and asked his wife to go with him. She consented to go. When he asked her when she would be ready, she replied she did not know. He went back the next day and notified her to be ready on Thursday. When he went by on Thursday she declined to go with him. His evidence is substantiated by the evidence of other witnesses.

After defendant went to Missouri he obtained a divorce from the prosecuting witness. Some time later he married in Missouri. Later the prosecuting witness also married.

The principal ground urged for reversal is that the prosecution was barred by the statute of limitation.

The indictment was returned under Section 1214 of the Kentucky Statutes, 1915, which section is as follows:

"Whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age shall be guilty of a felony and, upon conviction thereof, shall be confined in the penitentiary not less than one nor more than five years. No prosecution shall be instituted where the person charged shall have married the girl seduced or offer and be willing to marry her, unless he shall willfully and without such cause as constitutes a statutory ground for divorce to the husband, abandon and desert her within three years after the date of the marriage, and any prosecution instituted shall, upon the request of the defendant, be suspended if the party accused marry the girl seduced before final judgment as though no marriage had taken place, if the accused shall willfully and without such cause as constitutes a statutory ground of divorce to the husband, abandon and desert his wife within three years after the marriage. All prosecutions under this section shall be instituted within four years after the commission of the offense. (Section as amended by act March 16, 1906.)"

At the time of the birth of the child defendant had been going with the prosecuting witness for about a year. The baby was born in the month of March, 1910. The original prosecution was started on July 30th, 1910. The prosecution was suspended by the marriage. Shortly thereafter the abandonment took place. On January 27th, 1912, defendant was indicted for the crime of wife desertion. On September 8th, 1914, a demurrer was sustained to the indictment and the indictment dismissed, with leave to resubmit to the grand jury. On Septem-

ber 12th, 1914, defendant was indicted for seduction. This is the indictment under which he was tried.

We have held that two courses are open to the Commonwealth in prosecutions for seduction when the accused marries the girl seduced. One is to continue the indictment on the docket for three years or file it away with leave to re-docket upon notice; the other is to dismiss it, and, if within three years the accused abandons his wife without just cause, to re-indict him. Commonwealth v. Tobin, 140 Ky., 261. In this case the Commonwealth elected to re-indict. It is the contention of the defendant that as the indictment under which he was tried was not returned until over four years after the abandonment, the prosecution was barred. There might be some merit in this contention if the only indictment returned against defendant was the one under which he was tried. As before stated, however, he was indicted on January 27th, 1912. While this indictment charged defendant with wife desertion, the facts alleged in the indictment conclusively show that it was an attempt to charge that the defendant seduced the prosecuting witness under a promise of marriage, and, after marrying her, abandoned her within three years without cause constituting a statutory ground for divorce. It is manifest, therefore, that the purpose of this indictment was to charge the defendant with the very crime for which he was subsequently indicted on September 12th, 1914. The trial court, however, held the indictment of 1912 insufficient. The demurrer to the indictment was sustained September 8th, 1914, with leave to resubmit to the grand jury then in session. Section 170 of the Criminal Code provides that if a demurrer be sustained to an indictment, the matter may be referred to another grand jury and the defendant held in custody. It is the settled rule in this State that where an indictment is dismissed for insufficiency, with leave to resubmit to the grand jury, and the matter is again submitted without releasing or discharging the accused, and a new indictment returned, the prosecution is continuous and dates from the time the first indictment was returned. Tully v. Com., 13 Bush, 142; L. & N. & G. S. R. R. Co. v. Com., 4 Ky. Law Rep., 627; L. & N. R. R. Co. v. Com., 7 Ky. Law Rep., 836; Bowman v. Com., 146 Ky., 491. That being true, the prosecution in this case was originally begun by the indictment of January 27th, 1912, and as that indictment

was returned within less than four years after the abandonment, it follows that the trial court properly held that the prosecution was not barred by limitation.

There is no merit in the contention that the trial court erred in permitting the Commonwealth to introduce in evidence the record of the original prosecution by warrant or the record showing the steps taken in connection with the indictment of January 27th, 1912. The record of the original prosecution was competent; when considered in connection with the marriage, to show the purpose of the marriage, and the circumstances under which the abandonment took place. The record of the steps incident to the indictment of January 27th, 1912, was properly admitted for the purpose of showing that the prosecution was begun within four years after the abandonment.

It is next insisted that the court erred in permitting the witness Cunningham to testify, after the Commonwealth and defendant had concluded, to a statement of the defendant made immediately after his marriage to the effect that he would not sleep with his wife that night. It appears, however, that on motion of the defendant this evidence was excluded by the court and the jury directed not to consider it for any purpose. In view of the wide discretion given to trial courts in matters of this kind, it may be doubted if the evidence complained of was improperly admitted, but as the court subsequently withdrew the evidence and admonished the jury not to consider it for any purpose, the error, if any, was cured.

On the question of abandonment without just cause the evidence is conflicting and we are not prepared to say that the verdict of the jury is flagrantly against the evidence.

The other grounds urged for reversal have been considered, but are not deemed of sufficient importance either to justify a reversal or to merit any further discussion.

Judgment affirmed.