## Mays v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Montgomery Circuit Court.

1. Indictment and Information—Upon Resubmission Relates Back to Original Indictment.—A new indictment returned upon the resubmission of the case to another grand jury under section 170 of the Criminal Code, in lieu of one to which a demurrer has been sustained, relates back to the original indictment and is but a part of one continuing prosecution.

2. Intoxicating Liquors—Resubmission of Indictment to Grand Jury.—This is true, even though upon the same facts the old indictment attempted to charge an unlawful sale and the new one charged an unlawful transportation of intoxicating liquors.

3. Intoxicating Liquors—Limitation of Actions.—The prosecution was not barred by limitation where the offense, as finally charged, was committed more than a year before the new indictment was returned but within a year next before the finding of the original indictment.

JAMES CLAY and HENRY WATSON for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In August, 1921, appellant and Sam Terry, while driving in an automobile at night, were accosted by officers and attempted to escape. Being overtaken and arrested, it was discovered they had a gallon of whiskey. They were jointly tried and convicted under an indictment which attempted to charge them with unlawfully

selling whiskey. Upon appeal to this court, that judgment was reversed and the cause remanded upon the sole ground that the indictment was bad on demurrer because it charged an unlawful sale but described sufficiently only an unlawful transportation, and that this defect was not cured by an election of the Commonwealth and trial of the defendants for transporting the whiskey. Mays & Terry v. Commonwealth, 194 Ky. 540.

Upon return of the case, it was, by order of court, resubmitted to the grand jury then in session, which upon the same evidence returned a new indictment against Mays and Terry, charging them with transporting only this same whiskey. Upon a separate trial, Mays was convicted and his punishment fixed at a fine of $100.00 and confinement in jail for thirty days, and it is from that judgment this appeal is prosecuted.

The insistence that this is not a continuance of the original prosecution but a new and independent one is the basis of the contention that the offense as shown by both the indictment and the evidence occurred more than twelve months before the indictment was found, and that as a consequence the court erred in overruling defendant's demurrer to the indictment and his motion for a directed verdict.

As no other ground is urged for a reversal, it is at once apparent appellant is not entitled thereto if the proceedings under the second indictment are in legal effect but a continuance of the one prosecution begun by the first, since his one complaint, asserted in two ways, is that the action was barred by expiration of the year within which misdemeanors must be prosecuted, before the second indictment was returned.

Section 170 of the Criminal Code provides that:

"If the demurrer be sustained on any other grounds than those mentioned in the last four sections, the case may be submitted to another grand jury, and an order to that effect may be made by the court on the record, whereupon the defendant shall be held in custody, or on bail, in the manner and for the time provided in sections 159 and 160."

There is not, as there could not reasonably have been, any contention that the demurrer to the first indictment was sustained upon any of the grounds mentioned in the four sections preceding this one.

Construing this section in connection with sections 159 and 160 referred to, we have uniformly held in many cases, that a new indictment based upon a resubmission of a case to another grand jury, relates back to the finding of the original indictment and is but a part in one continuing prosecution. Bowman v. Commonwealth, 146 Ky. 486, 143 S. W. 47; Berkley v. Commonwealth, 164 Ky. 191, 175 S. W. 364.

It is true that in all such cases so far as we can find, the new indictment charged the same offense as attempted by the original; and that here the indictments, describing the same acts as constituting the offense, charge different offenses in the accusative parts thereof, but this difference in our judgment is not material. Always, when a demurrer is sustained to an indictment because of its failure to sufficiently describe either the offense or the particular acts constituting it, it does not charge any offense, as an indictment must to be good on demurrer, and the provisions for a resubmission of the case to another grand jury were obviously enacted to enable the Commonwealth to present a good indictment in the same case, that is upon the same facts, whatever the cause which rendered the first indictment demurrable.

To hold, as we are asked to do, where as here the original indictment charged no offense because it described a sale in one part and a transportation in another, the grand jury could not upon a resubmission and upon the same facts perfect the indictment so as to conform to the facts rather than some statement, and that an incorrect one in the old indictment, would ignore the fact that by the terms of the Code it is "the case" and not the old indictment that is resubmitted to the grand jury, and give to the Code provision a most unreasonable construction, and one that it cannot be imagined was ever intended.

Judgment affirmed.