(March 31, 1923.)

STATE, Respondent, v. VICENTE BILBOA, Appellant.

[213 Pac. 1025; 222 Pac. 785.]

INDICTMENT AND INFORMATION — RESUBMISSION—APPEAL AND ERROR— STATUTE OF LIMITATIONS.

1. When a demurrer is sustained to an information and the court, at the time of sustaining the demurrer, directs that a new information be filed, as provided by C. S., sec. 8874, and a new information is thereafter filed in obedience to such direction of the court, charging the same offense, the prosecution is continuous and relates back to the filing of the defective information.

2. Where an information is quashed or the proceedings on the same are set aside or reversed on appeal, the time during which such appeal was pending shall not be included within the time limited by the provisions of C. S., sec. 8703, so as to bar any new information thereafter filed for the same offense, as directed by the court.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Appeal from judgment of conviction for having possession of intoxicating liquor. *Affirmed.*

Frawley & Koelsch, for Appellant.

Appellant contends that his prosecution upon this charge is barred by the statutes. The charge against the defendant contained in this information is a misdemeanor, and under the provisions of C. S., sec. 8073, is barred within one year

Publisher's Note.

Burden on state to show that crime committed within limitation period, see note in 13 A. L. R. 1446.

Exclusion of time of pendency of prior indictment in computation of limitation of actions, see note in 3 A. L. R. 1330.

Relation back of new pleadings to statute of limitations, see notes in 3 L. R. A., N. S., 295; 33 L. R. A., N. S,, 196; 47 L. R. A., N. S., 932.

after its commission. The time of the commission of such an offense is a jurisdictional fact upon a prosecution therefor. (*State v. Steensland*, 33 Ida. 529, 13 A. L. R. 1442, 195 Pac. 1080.)

"The United States, Illinois, Missouri, Nebraska, New York and some other jurisdictions have statutes requiring that the indictment be filed within a specified period after the commission of the offense. Under such statutes, it is generally held that failure to lodge a valid indictment or information, as the case may be, within the specified period, bars prosecution." (*Davenport v. State* (Okl. Cr.), 202 Pac. 18.)

The Iowa statute is almost *verbatim* with that in Idaho. (*State v. Disbrow*, 130 Iowa, 19, 8 Ann. Cas. 190, 106 N. W. 263.)

Though a complaint be filed before a magistrate, who at the request of the accused continued the hearing from time to time until the year had expired, such pendency of a prosecution does not toll the bar of statute of limitations. (*People v. Ayhens*, 85 Cal. 86, 24 Pac. 635.)

Idaho has no statute authorizing an amendment to an information, and this information purports to be and is a new information, filed in pursuance of the order of the court to that effect and by authority of C. S., sec. 8874. (*People v. Clayberg*, 26 Cal. App. 614, 147 Pac. 994; *Ex parte Chambers*, 32 Cal. App. 476, 163 Pac. 223.)

A. H. Conner, Attorney General, and Jas. L. Boone, Assistant, for Respondent.

It is not necessary in order to toll the time provided in sec. 8703, C. S., that a "valid" information be filed.

An information satisfies the provisions of sec. 8703, C. S., which informs the accused that an offense has been committed and thereby enables him to build up his defense. This section is to be given a reasonable construction. (*State v. Disbrow*, 130 Iowa, 19, 8 Ann. Cas. 190, 106 N. W. 263.)

Any statute should be followed which expressly or impliedly tolls the running of the statute of limitations. Sec.

8874, C. S., impliedly tolls the running of the statute of limitations in this case.

The pendency of an appeal in the appellate court effectively tolls the running of the statute of limitations. (*People v. Giesea,* 63 Cal. 345; *People v. Lundin,* 120 Cal. 308, 52 Pac. 807; *In re Bergerow,* 133 Cal. 349, 85 Am. St. 178, 201, 65 Pac. 828, 56 L. R. A. 513.)

Keeping in mind that "the statute of limitations is not founded upon mere delay in the prosecution, but rather upon delay in commencing the prosecution" (*People v. Buckner,* 281 Ill. 340, 3 A. L. R. 1327, 117 N. E. 1023). C. S., sec. 9191, is applicable in this case.

BUDGE, C. J.—This cause was before this court upon a prior appeal, the opinion being reported in 33 Ida. 129, 190 Pac. 248, where a complete statement of the facts will be found. The judgment of the trial court was reversed, and the cause remanded, with instructions that further proceedings be had in accordance with the views expressed in the opinion. The basis of reversal was for error committed by the court in refusing to sustain appellant's demurrer and in not requiring the state to elect upon which particular offense it would rely for a conviction. However, this court held that the failure to sustain the demurrer might have been cured had the court required the state to elect. Upon the going down of the *remittitur,* appellant's demurrer to the information was sustained. The court did not require the state to elect and the cause was not dismissed. The trial court under the provisions of C. S., sec. 8874, directed the county attorney to file another information, which was done. The charge in this information was within the scope of the magistrate's commitment upon which appellant was formerly held to answer, being one of the identical offenses charged in the prior information. Appellant filed a motion to quash the latter information upon the grounds that the demurrer to the former information charging the same offense had been sustained and that a further prosecution could not be had for the reason that the same was barred

by the provisions of C. S., sec. 8703. This motion was denied. Upon a trial thereafter had, appellant was found guilty as charged in the information and judgment entered thereon, from which judgment this appeal is prosecuted.

Two errors are specified in appellant's brief. The only one relied upon is that the court erred in holding that the prosecution of appellant upon the charge contained in the last information was not barred by the provisions of C. S., sec. 8703.

Appellant contends that the information filed on January 29, 1917, was invalid and therefore there was no information, and that before a valid information was filed, under the direction of the court, on September 20, 1920, the statute of limitations barred the prosecution.

C. S., sec. 8703, provides that: "An indictment for any misdemeanor must be found within one year after its commission."

It is further contended that it appears affirmatively from the record that appellant was during all of the times an inhabitant of or usually a resident within the state, and therefore the prosecution would not fall within the exception recognized by the provisions of C. S., sec. 8704.

Unless the filing of the information upon which appellant was first convicted tolled the running of the statute of limitations, the prosecution was barred and appellant's contention must be sustained.

The information passed upon in the former appeal was not invalid but held to be irregular, in that it charged more than a single offense, and that the court below committed reversible error in refusing to require the state to elect. The prosecution was a continuing one. It was for the same offense and against the same offender, the state having at all times charged appellant with the crime of transporting intoxicating liquor for beverage purposes in violation of law. Had the state elected to try defendant upon this particular charge, as contained in the former information it would have sustained the conviction. (*State v. Brown and Christopherson,* 36 Ida. 272, 211 Pac. 60.) The court retained

jurisdiction over appellant at all times. The fact that the court sustained the demurrer was not a final judgment upon the information and was not a bar to a prosecution for the same offense for the reason that under the provisions of C. S., sec. 8874, the court directed the county attorney to file another information in order to avoid the irregularities appearing in the former information. (*In re Pierce*, 8 Ida. 183, 67 Pac. 316.) C. S., sec. 8874, expressly provides that upon the setting aside of a defective information it is within the power of the court to direct that a new information be filed. Such action on the part of the court and the prosecuting attorney suspends the running of the statute of limitations, provided the first information is filed within one year of the date of the commission of the offense. During the pendency of an appeal the time is not to be computed as a part of the statutory time within which a prosecution may be commenced. (*Davenport v. State* (Okl. Cr.), 202 Pac. 18.)

It is expressly provided by statute in many jurisdictions that the time during which a prior indictment or information which has been quashed or set aside is pending on appeal shall be deducted from the period of limitations applicable to prosecutions. If we have such a statute in this state, our attention has not been called to it. However, it has been held in numerous jurisdictions that, independently of statute, the pendency on appeal of a prior information for the same offense tolls the statute of limitations, provided the disposition of the first information and the filing of the second are such as to constitute one continuing prosecution. Thus, in the case of *Berkley v. Commonwealth*, 164 Ky. 191, 176 S. W. 364, the indictment under which the defendant was tried was returned after the expiration of the statutory period therefor. On appeal the commonwealth proved a prior indictment found within the period of limitations which had been dismissed for insufficiency with leave to resubmit. The court held that there had been a continuous prosecution and that the operation of the statute as to the latter indictment had been suspended. In

the case of *Tully v. Commonwealth,* 13 Bush (Ky.), 142, the indictment upon which the defendant was tried was returned after the period of limitations had expired, but on motion in arrest of judgment the prosecution was able to prove the return of a prior indictment within the period, which indictment had, however, been found fatally defective. The court decided that although the first indictment was defective, yet it was a commencement of prosecution which had since been continuous, and so the statute would not raise a bar to conviction. To the same effect, see *People v. Buckner,* 281 Ill. 340, 3 A. L. R. 1327 (note p. 1330), 117 N. E. 1023; *Louisville & N. R. Co. v. Commonwealth,* 4 Ky. Law Rep. 627; *Louisville & N. R. Co. v. Commonwealth,* 7 Ky. Law Rep. 836; *State v. Williams,* 151 N. C. 660, 65 S. E. 908; *State v. Cox,* 28 N. C. 440; *Foster v. State,* 38 Ala. 425; *Weston v. State,* 63 Ala 155; *State ex rel. Graves v. Primm,* 61 Mo. 166; *Hickey v. State,* 131 Tenn. 112, 174 S. W. 269; *People v. Giesea,* 63 Cal. 345; *People v. Lundin,* 120 Cal. 308, 52 Pac. 807; *State v. Hansen,* 10 Wash. 235, 38 Pac. 1023.

In the case of *Hickey v. State, supra,* it was held that in the absence of an express statute the period between the return of an original defective indictment and a subsequent valid one should not be computed as part of the time limited by statute, within which prosecution could be brought. In the course of that opinion that court said:

"The question now arises whether in this state, in the absence of any statute on the subject, the prosecution under this second indictment may be considered such a continuation of the original prosecution that the statute of limitation cannot apply. We think there is no doubt but that it was the same prosecution under both indictments. While the first indictment was defective and invalid because it did not contain the name of the person upon whom the assault was committed, yet it was a prosecution for the same offense as that embraced in the second indictment."

While the authorities are not in harmony on this point we think the better reasoned cases support the position taken.

Counsel cites and relies upon the case of *State v. Disbrow,* 130 Iowa, 19, 8 Ann. Cas. 190, 106 N. W. 263. This case is not in point, for the reason that the indictment was found to be void and not merely irregular or defective.

When the legislature enacted C. S., sec. 8703, it was clearly not its intention to provide in all cases where an information was, upon demurrer, held to be defective, that pending the determination of the demurrer the statute of limitations was not suspended. The legislature has also made provision by statute for appeals in criminal cases. It would be both unreasonable and inconsistent for this court to say that a defendant might take advantage of such statutes by appeal in order to delay the prosecution and then invoke the aid of the statute of limitations as a bar to such prosecution.

We think that the same principle was applied in the. case of *People v. Giesea, supra,* and affirmed in *People v. Lundin, supra,* and the same is adverse to appellant's contention. To the same effect see note to *In re Bergerow,* 85 Am. St. 201.

From what has been said it follows that the judgment should be affirmed and it is so ordered.

Dunn and Wm. E. Lee, JJ., concur.

### ON REHEARING.

#### (December 8, 1923.)

CRIMINAL PRACTICE ACT—APPLICABLE TO PROSECUTIONS BY INFORMA-
TION — DEMURRER — NEW INFORMATION — PLEA OF NOT GUILTY—
RAISES STATUTE OF LIMITATIONS—JURISDICTIONAL QUESTION.

1.  Procedure under the "Criminal Procedure Act" is by C. S., sec. 8812, expressly made applicable to prosecutions by information, as well as by indictment.

2.  Where a demurrer to an information charging a misdemeanor is sustained upon the ground of duplicity, and a new information is thereafter filed, it is not an amended information or a continuation of the prosecution had under the original information.

Opinion of the Court—Varian, District Judge, on Rehearing.

3. Statutes of limitation in criminal cases create a bar to the prosecution, and the time within which an offense is committed is a jurisdictional fact in all cases where the statute fixes a limitation.

4. A plea of not guilty, where the prosecution of the offense is subject to limitation, raises the issue of the bar of the statute of limitation.

5. Where the issue of the statute of limitation is raised by a plea of not guilty, the time when the offense was committed becomes a material allegation in the case, which the state must prove.

6. C. S., sec. 8703, provides that an indictment must be found within one year after the commission of the offense, when it is a misdemeanor, and the exception contained in C. S., sec. 8704, was enacted for the benefit of the state, not the defendant, and when relied upon it is incumbent upon the state to show that the case falls within the exception.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Vicente Bilboa was convicted for having possession of intoxicating liquor, and appealed. Upon a former appeal to this court the judgment was affirmed. Petition for rehearing having been granted and the case re-argued, the judgment of the lower court is *reversed* and the cause remanded, with instructions to dismiss.

Frawley & Koelsch, for Appellant.

A. H. Conner, Atty. Gen., and James L. Boone, Asst. Atty. Gen., for the State.

VARIAN, District Judge.—This case has been twice before the court: 33 Ida. 129, 190 Pac. 248; *ante,* p. 92, 213 Pac. 1025.

An information was filed by the prosecuting attorney of Ada county on January 29, 1917, charging appellant with transporting intoxicating liquor for beverage purposes, and of having in his possession intoxicating liquor. On the first appeal, 33 Ida. 129, 190 Pac. 248, the convic-

tion was reversed on the ground that the information was duplicitous. This court held in effect that the information was subject to demurrer, but having overruled the demurrer, the trial court should have granted appellant's motion to require the prosecution to elect, before trial, upon which of the offenses stated in the information the prosecution would rely. On the coming down of the *remittitur,* the trial court sustained the demurrer and directed the prosecuting attorney to file another information under the provisions of C. S., sec. 8874. Accordingly a new information, based upon the same facts and the same preliminary examination, was filed on September 20, 1920. A trial had upon this information resulted in a verdict and judgment of guilty, from which this appeal is taken. A complete statement of facts will be found in the two former opinions above cited.

The sole question urged upon rehearing is that the prosecution upon the information filed September 20, 1920, is barred by the provisions of C. S., sec. 8703, which provides: "An indictment for any misdemeanor must be found within one year after its commission."

This court held in *State v. Steensland,* 33 Ida. 529, 13 A. L. R. 1442, 195 Pac. 1080, that the time within which an offense is committed is a jurisdictional fact in all cases subject to limitation, and that a plea of not guilty raises the issue of the bar of the statute of limitations in all cases where the prosecution of the offense is subject to limitation.

"We are of the opinion, however, that the statute does not offer a privilege which requires any action on the part of the accused either to accept or reject; that, on the contrary, the state has seen fit to deprive itself of the right to prosecute in all cases coming within the terms of the statute, and that the time within which an offense is committed thus becomes a jurisdictional fact in all cases subject to limitation.

"The exception contained in the statute is not one enacted for the benefit of the accused, but for the benefit of the state. By C. S., sec. 8703, it is provided that the indict-

ment must be found within one year after the commission of the offense if it is a misdemeanor. But it is provided in C. S., sec. 8704, that the state does not grant this absolute bar, but reserves to itself the right to prosecute and punish, in cases where a defendant was absent from the state when the crime was committed and when the accused was absent or not usually resident within the state during a portion of the time, and there is excluded from the computation such period of time as the accused may be absent or not usually resident in the state. The exception, being for the benefit of the state, it is incumbent upon the state to show that it obtains." (Rice, C. J., in *State v. Steensland, supra*.)

The court had the identical statute under consideration in the case just cited.

C. S., sec. 8812, provides that the provisions of the code relative to indictments and other provisions of law applying to prosecutions upon indictments, and to writs and process therein, shall, "as near as may be," in the same manner and to the same extent apply to informations and all prosecutions and proceedings thereon.

The filing of an information in the district court by the prosecuting attorney corresponds to the finding of an indictment by a grand jury. C. S., sec. 8703, might be construed to read, for the purposes here, "An *information* for any misdemeanor must be *filed* within one year after its commission." The statute runs from the commission of the offense to the filing of the indictment or information; not, as in many jurisdictions, to the commencement of the prosecution. It is therefore immaterial whether the prosecution is continuous or not. There is no connection between the information filed January 29, 1917, and the information filed September 20, 1920. The latter is in no sense an amended information relating back to the date of the filing of the former. While each is based upon the same state of facts and upon the same preliminary examination, the statute does not run against the commencement of the prosecution, but the filing of the information. Nor will it suffice

to say that the last information is a mere incident in a valid prosecution commenced by the filing of the information on January 29, 1917. The latter information has been quashed, and has no effect in law. It is dead. The conviction can only be sustained upon the information upon which appellant was last tried, and the statute had run against it at the time it was filed.

"Where the statute requires an indictment to be returned within a specified time after the commission of the offense, and there is no saving clause, if an indictment is quashed and a new one is returned, the statute continues to run until the return of the second indictment, and offenses committed more than the statutory period before the date of its return are barred. And the same rule has been applied where the state voluntarily enters a *nolle prosequi* after the defendant has moved to quash the indictment." (1 Cyclopedia of Criminal Law, sec. 208, p. 378.)

We think the case of *State v. Disbrow,* 130 Iowa, 19, 8 Ann. Cas. 190, 106 N. W. 263, is in point. The statute there interpreted is somewhat stronger than the one under consideration here. It provided that an indictment must "be found within three years after the commission of the offense and not afterwards."

"The beginning of a prosecution and a finding of an indictment are not equivalent expressions. A prosecution is begun when an information is filed before a magistrate and a warrant issued for the defendant's immediate arrest. An indictment is found when it is presented by a grand jury in due form in open court and filed with the clerk. This distinction has been widely, though perhaps not universally recognized. . . . . The language of the statute is too clear for construction, and, without reference to the time when the proceedings were begun, the indictment must be found within three years from the commencement of the case, and not afterward." (*State v. Disbrow, supra.*)

It is true that in the case last cited the indictment was one upon which "no valid conviction or judgment can be founded." If we concede that the information filed Janu-

ary 29, 1917, against which the demurrer for duplicity was sustained by the trial court, was good in the absence of attack, it is nevertheless true that this court has in effect held that the information was bad in law and the conviction thereon should not stand. (*State v. Bilboa*, 33 Ida. 129, 190 Pac. 248.)   The judgment is final upon it.   (C. S., sec. 8872.)

The supreme court of California has held, construing statutes practically identical in their provisions with C. S., secs. 8703, and par. 5 of sec. 8870, that where accused, on being taken before a magistrate, procures the continuance of the preliminary hearing from time to time until the year has expired, and is then bound over and information filed, the prosecution is barred, and that the question of the running of the statute of limitations may be raised by demurrer. (*People v. Ayhens*, 35 Cal. 86, 24 Pac. 635.)

The cases cited in *State v. Bilboa, ante,* p. 92, 213 Pac. 1025, interpret statutes which either require the "prosecution" to be commenced within a specified period, or that the time during which the indictment or information is pending, if it be quashed, set aside or reversed, shall not be computed as part of the time of the limitation prescribed; others provide that if any indictment, found within the time limited, shall be defective, another prosecution for the same offense may be instituted within a further stated period, after the abandonment of the first prosecution by the state.   Where the statute runs to the commencement of the prosecution, generally the statute defines commencement of the prosecution as the issuing of a warrant, or the binding over of the offender.

The cases of *People v. Giesea*, 63 Cal. 345, *People v. Lundin*, 120 Cal. 308, 52 Pac. 807, and *State v. Hansen*, 10 Wash. 235, 38 Pac. 1023, are not in point.   All three relate to statutory provisions requiring trials to be had within sixty days after the filing of the information.   The two California cases hold that the provision of the statute does not apply to the second trial where a defendant has appealed to the supreme court and had his case sent back for

a second trial. The Washington case holds that where the first information is dismissed and a second is filed in its stead, the fact that more than sixty days elapses between the filing of the first information and the trial upon the second is not ground for dismissal under the statute.

It has been suggested on the argument that the provisions of C. S., sec. 8874, by implication extend the period limited by statute. It reads:

"If the demurrer is allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be resubmitted to the same or another grand jury."

This statute does not expressly toll the running of the statute, and an interpretation of its terms fails to disclose that it impliedly does so. The intent of the statute, as gleaned from the language used, is to the effect that when an indictment (or an information) is demurred to and the demurrer allowed, the judgment is (a) final upon the indictment (or information) demurred to, and (b) is a bar to another prosecution for the same offense, unless the court directs the case resubmitted to the same or another grand jury, or that another information be filed. The only effect of the exception noted is to permit the resubmission of the case in certain instances; otherwise, the judgment on demurrer bars further prosecution for the same offense. It does not enlarge or extend the general statute of limitation, C. S., sec. 8703. The latter statute is in force and its provisions will apply in any event. Both sections should be read together.

It will be noted that the only tolling of the statute is provided for in C. S., sec. 8704, and then in case the defendant is out of the state. It appears from the record here that the defendant was within the state during the time the statute was running.

The judgment is reversed and the cause remanded, with instructions to dismiss the action.

William A. Lee and Wm. E. Lee, JJ., concur.

BUDGE, C. J., Dissenting.—I am unable to add my approval to the doctrine laid down in the majority opinion in this case. The first information filed January 29, 1917, contained four counts charging appellant with possession and transportation of intoxicating liquor, alleged to have been committed on August 31, 1916. The lower court refused to require the prosecution to elect upon which count it would rely for a conviction. Appellant was tried and convicted. Appeal was taken to this court (*State v. Bilboa,* 33 Ida. 129, 190 Pac. 248), which held that the lower court erred in refusing to sustain a demurrer to the information upon the ground that it was duplicitous or in not requiring the state to elect upon which particular offense it would rely for a conviction, and remanded the cause for further proceedings. The *remittitur* from this court was handed down June 9, 1920. On September 25, 1920, the lower court sustained the demurrer and ordered the prosecuting attorney to file a new information. The second information was filed September 25, 1920, charging the unlawful transportation of intoxicating liquor only.

The position I take, which is borne out by respectable authority, is that the filing of the second information was nothing more than a continuation of the original proceedings, the same offense being charged in both informations, and having been commenced within the required time and continuously prosecuted thereafter, the statute of limitations is tolled.

It is apparent that the first information was filed in time. It is also apparent that the second information was filed more than one year after the alleged commission of the offense. If the latter information were the only one filed the plea of the statute of limitations would be good. Both informations charged transportation of intoxicating liquor, although the former included other counts. Counsel for appellant concede that if the state had been required to elect the information would have sustained a conviction upon

the transportation charge. The second information has exactly the same effect as an election, namely, to charge transportation, upon which charge appellant has been twice convicted.

In the majority opinion great stress is laid upon the wording of various limitation statutes. Having conceded that the second information was filed more than a year after the commission of the offense, I cannot see that it is material whether the prosecution was commenced or information filed, so long as the proceedings thereafter were continuous and necessitated the filing of the second or amended information. The wording of the limitation statutes does not account for the two classes of cases bearing on the tolling of the statute of limitations. The division is occasioned by states having statutes providing that the time during which a prior indictment or information, which has been quashed or set aside, or appeal taken, was pending, shall be deducted from the period of limitation applicable to the prosecution, in which states, by force of statute, the time is deducted. The other class of cases concern those states which do not have such a statute, by which we are governed, Idaho not having such a statute. In this class of cases it has been held that the pendency of a prior indictment or information for the same offense tolls the statute of limitations, provided the disposition of the first indictment or information and the finding of the second are such as to constitute one continuing prosecution. It will be seen that two essentials are necessary to invoke this rule. The second indictment must be for the same offense and the disposition of the first indictment and the finding of the second must constitute one continuing prosecution. In the instant case there can be no question that the two informations were for the same offense, and the sustaining of the demurrer to the first information and the finding of the second constituted one continuing prosecution and also that each step taken was under statutory direction.

The recent case of *Mays v. Commonwealth*, 197 Ky. 295, 246 S. W. 802, considered a very similar state of facts as those presented here. In that case the first indictment

charged defendants with both unlawful sale and transportation of intoxicating liquor. They were tried and convicted and appealed. The appellate court held the indictment duplicitous. The lower court ordered the case resubmitted to the grand jury; a new indictment was found after the period of limitations had expired, charging transportation only. The defendants were tried and convicted and appealed. The court held:

"The fact that the first indictment charged the unlawful sale of intoxicating liquor, which was held bad on demurrer because the facts stated showed only an unlawful transportation, does not prevent a subsequent indictment for the unlawful transportation, based on the same facts, from being a continuation of the original prosecution, so as not to be barred by the statute of limitations," giving its reason therefor as follows:

"When a demurrer is sustained to an indictment because of its failure to sufficiently describe either the offense or the particular acts constituting it, it does not charge any offense, as an indictment must to be good on demurrer and the provisions for a resubmission of the case to another grand jury were obviously enacted to enable the commonwealth to present a good indictment in the same case (that is upon the same facts), whatever the cause which rendered the first indictment demurrable. To hold, as we are asked to do, where, as here, the original indictment charged no offense, because it described a sale in one part and a transportation in another, the grand jury could not, upon a resubmission and upon the same facts perfect the indictment so as to conform to the facts, rather than some statement, and that an incorrect one, in the old indictment, would ignore the fact that by the terms of the Code it is 'the case' and not the old indictment, that is resubmitted to the grand jury, and give to the code provision a most unreasonable construction, and one that it cannot be imagined was ever intended."

In the case of *State v. Thomas,* 30 La. Ann. 301, the court said:

"There was not a voluntary discontinuance of the prosecution. There was a trial and the verdict and sentence of the first trial were set aside by this court and very shortly thereafter the new prosecution was commenced. While fully admitting the correctness of the rule invoked by the defendant that a plea of prescription will prevail against a new prosecution instituted after the lapse of the time fixed by law for its commencement, when the former prosecution has been terminated by a *nolle prosequi* on the part of the State, the same consequences do not follow when the State did not fail to prosecute, but on the contrary proceeded to trial and obtained a conviction of the defendant. The lower court properly overruled the plea of prescription."

In the case of *Berkley v. Commonwealth*, 164 Ky. 191, 175 S. W. 364, it was held:

"An indictment charged accused with wife desertion, but alleged that accused seduced prosecutrix under promise of marriage, and, after marrying her, abandoned her within three years without just cause. A demurrer to the indictment was sustained with leave to resubmit to the grand jury then in session. The grand jury returned an indictment charging accused with seduction. The first indictment was returned within less than four years after the abandonment and hence within the time prescribed by Ky. St. 1915, sec. 1214. The second indictment was returned after the four years. Held that, under Cr. Code Prac., sec. 170, providing that, where a demurrer is sustained to an indictment, the matter may be referred to another grand jury, and accused held in custody, the second indictment was but a continuation of the prosecution begun by the first indictment and was not barred by limitations."

In the case of *Tully v. Commonwealth*, 13 Bush (Ky.), 142, the court held:

"The plea of the statute of limitations is unavailing when the indictment for a misdemeanor was returned less than one year after the commission of the offense, and the prosecution has been continuously kept up since the return

of the indictment. When one indictment is dismissed, and the matter is submitted to the grand jury, without releasing or discharging the accused, and a new indictment is found against him, the prosecution has been continuous,'' saying:

''The plea of the statute of limitations was clearly unavailing. The record exhibited shows that the indictment was returned by the grand jury within less than one year after the alleged unlawful acts were done, and although the first indictment was fatally defective, yet the prosecution has actually been on foot and has been continuously kept up since the return of that indictment.''

To the same effect, see *Hickey v. State,* 131 Tenn. 112, 174 S. W. 269; note, 3 A. L. R. 1330. It was said in the case of *Davenport v. State* (Okl. Cr.), 202 Pac. 18, 25:

''This court now announces the rule that, where a demurrer is sustained to an indictment or information for a felony, and the court, at the time of sustaining the demurrer, directs the case to be resubmitted to the same or another grand jury or that a new information be filed and a new indictment is returned or a new information is filed in obedience to such direction of the court, the prosecution is continuous, and relates back to the time of the return of the defective indictment.''

The burden of proving a state of facts which would suspend the operation of the statute of limitations is on the prosecution. To invoke the rule heretofore mentioned, it has been held that it was necessary to a conviction for the state to prove, either that an offense had been committed within the period of the statute, or that there had been a former indictment found for the offense within the period of limitation, which indictment had been quashed or set aside. (*Gill v. State,* 38 Ark. 524; *Jester v. State,* 14 Ark. 552; *White v. State,* 103 Ala. 72, 16 So. 63.) This requirement was fully complied with by the prosecution in the instant case. Upon the testimony of the clerk of the lower court it was proven that the former information had been filed and quashed and resubmission ordered. Upon cross-examination of one of the witnesses for the state the

appellant brought out the fact that the acts and events he was testifying to were the same as those he testified to upon the former trial.

The statute of limitations, as suggested in *Davenport v. State, supra,* is not a vested right but merely an act of grace on the part of the state enabling the accused to be informed of the nature of the state's grievance in time to obtain the facts necessary for his defense. In that case the court held:

"A defective indictment or information apprises the defendant of the character of the crime with which he is charged, and is sufficient to place the statute in repose during the pendency thereof."

In the case under consideration the original information, although defective, apprised the appellant of the character of the crime with which he was charged.

The legislature, appreciating the fact that prosecuting attorneys may not always prepare an indictment or information free from objection in the first instance, provided a method of amendment, by C. S., sec. 8874, whereby upon demurrer being sustained to the indictment the court might order the case resubmitted to the same or another grand jury. To give effect to this section we find provision made, upon the court ordering the matter resubmitted, for the appearance of the defendant to answer the new indictment. (C. S., secs. 8876 and 8866.) The legislature certainly did not intend, where an information was filed within time but found defective and a new information ordered filed, that by reason of the second information being filed after the prescribed time, charging the same offense, the statute of limitations should furnish a loophole by which criminals could escape prosecution. The appellant has been tried and convicted by two different juries, and his guilt is obvious.

Unfortunately this case was prematurely published as originally decided, *ante,* p. 92, 213 Pac. 1025, and while a petition on rehearing was pending. In that opinion will be found a further discussion of the questions involved in this appeal, together with additional citations.

In my opinion the judgment of the lower court should be affirmed.

DUNN, J., Dissenting.—I cannot concur in the majority opinion.

I dissent, first, because subdivision 5 of C. S., sec. 8870, makes the bar of the statute of limitations, which is the only ground urged by appellant, a ground of demurrer in such a case as this, and under C. S., sec. 8878, if this objection is not raised by demurrer it is waived. There was no demurrer on this ground and the record shows no suggestion of this matter to the court below. It is therefore waived.

The majority opinion cites the case of *State v. Steensland,* 33 Ida. 529, 13 A. L. R. 1442, 195 Pac. 1080, for the purpose of showing, as I understand it, that even though it appeared on the face of the information that the prosecution was barred, it was not necessary for appellant to demur thereto in order to avoid waiving that objection. I have not understood that case to go so far. However, if that is a correct interpretation of it on that point then I am in favor of overruling it and giving effect to C. S., secs. 8870 and 8878. While this court has not heretofore expressly ruled on subdivision 5 of sec. 8870 it has ruled on other portions of this section and has held parties to have waived objections to informations and indictments by failure to demur. (*State v. Bilboa,* 33 Ida. 128, 190 Pac. 248; *People v. Nash,* 1 Ida. 206; *State v. Hinckley,* 4 Ida. 490, 42 Pac. 510.)

I dissent on the further ground that the majority opinion, in my judgment, makes a misapplication of C. S., sec. 8703, limiting the time for filing an indictment or information, and also a misapplication of C. S., sec. 8874. These sections read as follows:

Sec. 8703. "An indictment for any misdemeanor must be found within one year after its commission."

Sec. 8874. "If the demurrer is allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court,

being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be resubmitted to the same or another grand jury.''

"Indictment" is defined by C. S., sec. 8791, as follows:

"An indictment is an accusation in writing, presented by the grand jury to a competent court, charging a person with a public offense."

No definition of "information" is given by our statutes, but it has a meaning well understood as that term is used in the constitution and statutes of this state with reference to criminal prosecutions.

Defining "information" in the sense in which it is here being discussed, Bouvier's Law Dictionary, vol. 2, p. 1563, Rawle's Third Rev., says:

"An accusation in the nature of an indictment from which it differs only in being presented by a competent public officer on his oath of office, instead of a grand jury on their oath. 1 Bish. Cr. Proc., sec. 141.

"It differs in no respect from an indictment in its form and substance, except that it is filed at the mere discretion of the proper law officer of the government, *ex officio*, without the intervention of a grand jury. 4 Bla. Com. 308."

Under our practice the information filed by the prosecuting attorney in the district court is not required to be sworn to.

C. S., sec. 8874, was enacted long before the method of prosecution by information was adopted, when prosecutions for misdemeanors as well as felonies could be brought in the district court only by indictment. After the change to prosecution by information was authorized by the constitution (art. 1, sec. 8) the legislature, as far as it was practicable to do so by a general statute, made applicable to informations the law regarding indictments. This was done by C. S., sec. 8812, which reads as follows:

"The provisions of this code in relation to indictments, and all other provisions of law applying to prosecutions upon indictments, to writs and process therein, and

the issuing and service thereof, to motions, pleadings, trials and punishments, or the execution of any sentence, and to all other proceedings in cases of indictment, whether in the court of original or appellate jurisdiction, shall in the same manner and to the same extent, as near as may be, apply to informations and all prosecutions and proceedings thereon.''

It is manifest that by C. S., sec. 8812, it was not the intention of the legislature to try to force prosecutions by information to conform in every detail to the provisions governing indictments. The statute recognizes that in some respects they may not be applicable, for it says that the provisions of the law governing indictments shall apply ''as near as may be.'' This clearly leaves the court, in a situation not met by a specific provision, to adopt a procedure in accordance with C. S., sec. 6511, which reads as follows:

''When jurisdiction is, by this code, or by any other statute, conferred on a court or judicial officer all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specially pointed out by this code, or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code.'' *Fox v. Flynn,* 27 Ida. 580, 588, 150 Pac. 44.)

This section is simply declaratory of the common law. (*Golden Gate C. H. M. Co.* v. *Superior Court,* 65 Cal. 187, 3 Pac. 628.)

In this case there was filed in the district court of Ada county on January 29, 1917, which was within a year of the commission of the offense, an information charging appellant with the identical offense with which he stands charged to-day, and there has not been a moment of time from that day to this when that charge was not standing against him.

That information was sufficient in substance, but was held by this court to be objectionable in form in that it charged three offenses. The judgment of conviction was reversed by this court because the trial court erred in overruling appel-

lant's demurrer on that ground, holding also that this error would have been cured if the trial court had sustained appellant's motion to require the state to elect. (*State v. Bilboa*, 33 Ida. 128, 190 Pac. 248.) Just how serious this court considered the defect in that information may be determined from the following language used in that case:

"Duplicity in criminal pleading is an irregularity, and even in the trial of a case in the district court an objection that the indictment or information charges more than one offense may be waived. . . . .

"Nor is it fatal that the magistrate has found the offenses specified in the complaint to have been committed and has held the accused to answer for all. Should the prosecuting attorney afterward file one information charging all the offenses for which the accused had been held to answer, the accused is not deprived of any substantial right. Upon arraignment he has ample opportunity to object to the information by demurrer, and may, if he chooses, require the state to elect upon which of the charges he shall be prosecuted."

On the going down of the *remittitur* the court sustained the demurrer and directed the prosecuting attorney to file a new information, which was done long after the expiration of one year from the commission of the offense.

Let it be admitted, though I think it is not true, that if this prosecution had been by indictment the court would have been powerless to permit the dismissal of the two charges improperly included in the indictment and would have been compelled to submit the matter to another grand jury, still I can find no warrant in the statutes for the conclusion that it was equally powerless in dealing with this information. It is admitted by appellant that if the court had directed the prosecuting attorney to elect which one of the three charges he would prosecute and he had refrained from rewriting the charge and filing another paper, appellant would now have no reason to complain and his conviction would stand. It cannot be denied, I think, that the court could have stated to the prosecuting attorney that he might amend the information, since the defect was one of form and

not of substance, a mere irregularity. (31 C. J., and the cases cited under note 86, page 826.) If he had then amended he could have done so by striking out or dismissing the two charges upon which he did not intend to prosecute, or he might have filed another paper upon which was written word for word and letter for letter the very charge which would have been left by electing, or striking out, or dismissing, as suggested above. He did file just such other paper, identical in every respect with the former one as to this particular charge, which was simply an amended information, relating back to the date of the filing of the original information within a year of the commission of the offense.

I think the majority are clearly in error in holding that the information had been quashed and was dead. It is certainly a novel holding that the sustaining of a demurrer based upon a defect of form, and not of substance, one that is a mere irregularity, not denying a substantial right of appellant, sets aside and nullifies the information. If there is no procedure in case of indictment that could have been adopted except to resubmit the case to another grand jury, I can find nothing in our law that compels the trial court to adopt the analogous course with an information, which would be to require the prosecuting attorney to go back and hold another examination. In my opinion C. S., sec. 8874, has no application to such a situation as confronted the trial court, since there is no procedure under the law governing indictments to fit the situation with which the trial court was required to deal. Here was a condition that required only that the information be amended. I can find nothing in C. S., sec. 8812, that forbade the court to do the thing it did, viz.: to permit the information to be amended to comply with the ruling of the supreme court. No proceeding designated by statute has been pointed out that the court should have followed. Surely the law did not require the court to resubmit this case when the defect was one that could be and was corrected *instanter* by amendment. In the absence of an express provision of statute the court exercised the

authority conferred by C. S., sec. 6511, *supra*, which was the course pointed out by reason and justice.

Of course, the prosecution under the former information was barred until the defect complained of was corrected. Appellant had a right to have the information limited to only one offense, even though this was not a substantial defect, because he had made timely objection by demurrer.

It is contended that the information filed on September 20, 1920, was not an amendment of the original information. If the same things were done to a complaint in a civil action that were done in the case of this information we would have an amended complaint. Here we have the same accusation in the same words, but with two causes of action that were in the former information omitted. If this is not an amended information I fail to see how one could be drawn. Whether we call the procedure one of election or amendment by striking out or by filing an amended pleading, the substantial rights of the appellant were in no sense prejudiced.

It should be borne in mind that the very essence of the "indictment" or "information" is the accusation of crime, and not the particular paper upon which the accusation is written. Here we have the same accusation that was first laid against the appellant within a year of the time when he committed the offense. There has been no change in it since it was made seven years ago. Two others that accompanied it in the beginning have disappeared under his objection, but this charge remains just as it was originally made. "In construing the statute we are not to look so much at the mere verbiage as to the plain and obvious meaning of the law." (*State ex rel. v. Primm,* 61 Mo. 166.)

I think sec. 8703 means that a prosecution for a misdemeanor shall not only have begun within a year, but that it shall have been carried to the point where "an" indictment or information therefor is filed in the district court. It does not mean that "the" indictment or information, that is, the particular paper on which the charge is written, must be filed within a year of the commission of the offense. The accusation being the same as originally made against

appellant, the "information" is the same, notwithstanding it is written on another paper and filed more than a year after the commission of the offense. For the purpose of this discussion I have assumed that this statute means an indictment or information that charges a public offense and is sufficient to support a verdict and judgment of conviction, since there is no contention here that the information is insufficient in that respect.

C. S., sec. 8703, was enacted for the purpose of compelling diligence on the part of the prosecution and for the purpose of protecting persons from the unfairness of stale charges. It requires the charge of a misdemeanor, if it is to be prosecuted, to reach the district court within a year of the commission of the offense. This is all that statute requires. Passed in 1864, twenty-six years before prosecution by information was authorized, it is not possible that the legislature had in mind a construction that would prevent the filing of an amended information to correct a mere irregularity after the period of limitation had run.

The majority opinion relies upon *People v. Ayhens,* 85 Cal. 86, 24 Pac. 635, and *State v. Disbrow,* 130 Iowa, 19, 8 Ann. Cas. 190, 106 N. W. 266. I think neither of these cases is an authority in the case at bar. There is a clear distinction to be noted between the cases of *People v. Ayhens, supra,* and this case. In that case more than a year had elapsed since the commission of the offense and no information had been filed in the superior court. Clearly the action was barred.

From the following language used by the Iowa supreme court in *State v. Disbrow,* I think we are justified in the belief that the decision in that case would probably have been different if the original indictment had been, as the information is in this case, one that would sustain a conviction. In reversing the judgment there the court said:

"It seems to us a reasonable and just proposition that, in the absence of any statute saving such right to the state, the running of the statute of limitations ought not to be interrupted or suspended by the return and pendency of an indictment upon which no valid conviction or judgment can

be founded. Such an indictment is no indictment. It is a nullity, and, while it may serve as authority for the trial court to continue the defendant in custody and cause a resubmission of the case to the grand jury, such order is in effect the mere direction that the original inquiry shall be resumed as if the defective indictment had never been voted or returned into court. It is no more than a restoration of the case to the status it occupied at the time it was originally submitted. The grand jury takes it up anew, and may present or ignore the bill, without any reference whatever to the fact that one indictment has been presented and set aside.''

The serious consequences that may follow a certain construction of a statute do not constitute a ground for refusing to follow its plain provisions, but they may well be considered in determining whether the legislature intended a construction which would produce such a result. It is of no great consequence that in this case the reversal of the judgment releases a lawbreaker who has been twice convicted and of whose guilt there is no shadow of doubt, but the rule laid down is likely to operate unfairly to the advantage of the criminally inclined and to the disadvantage of the state in the prosecution of persons guilty of grave felonies. In my judgment the holding is clearly contrary to C. S., sec. 9084, which says that ''After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.''

I think the judgment should be affirmed.