## Wells v. Commonwealth.

(Decided September 25, 1923.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—Prosecution Continuous, Where Indictment Dismissed for Insufficiency.—Where an indictment is dismissed for insufficiency, with leave to resubmit to the grand jury, and a new indictment is returned, the prosecution is continuous, and dates from the first indictment, and the prosecution is not barred if the first indictment was filed within the statutory period.

2. Weapons—One Appointed to Execute Bench Warrant Entitled to Carry Weapon.—In view of Ky. Stats., sections 1313, 4562, and Civil Code of Practice, section 47, one appointed by a sheriff special bailiff to execute a bench warrant, when proper indorsement is made on the warrant, becomes a ministerial officer, and while actually engaged in a bona fide effort to execute the process is entitled to carry a concealed deadly weapon.

R. MONROE FIELDS for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is the second appeal of this case. On the former appeal the judgment was reversed on the ground that the indictment, which charged the offense of carrying a concealed deadly weapon, was defective, and the court erred in directing a verdict of conviction although there was a plea of not guilty. Wells v. Commonwealth, 195 Ky. 754, 243 S. W. 1032.

On the return of the case the original indictment was quashed and a new indictment returned. Appellant was

again found guilty and his punishment fixed at a fine of $50.00 and ten days in jail and disfranchisement for a period of two years.

It is first insisted that the indictment charges two offenses and is therefore bad for duplicity. We find no merit in this contention. While the indictment is not aptly worded, yet when read as a whole it shows that it was returned in lieu of the former indictment which was quashed, and that the only offense alleged was that committed on January 16, 1922.

Another error relied on is that the court admitted evidence of an offense occurring more than one year before the indictment was returned. Where an indictment is dismissed for insufficiency with leave to resubmit to the grand jury a new indictment is returned, the prosecution is continuous and dates from the first indictment (Berkley v. Commonwealth, 164 Ky. 191, 175 S. W. 364), and as the first indictment was returned within twelve months from the commission of the offense, it necessarily results that the prosecution was not barred at the time of the trial and that there was no error in admitting the evidence complained of.

Another contention is that the court rejected evidence offered by appellant to the effect that, at the time he had the pistol in question, he had been appointed by the sheriff of Letcher county special bailiff to execute a bench warrant from the Letcher circuit court for the arrest of one John Hawley, *alias* John Sturgill. The evidence consisted of the original bench warrant on which was the endorsement of the sheriff appointing appellant special bailiff to execute the warrant, accompanied by further evidence that the endorsement was signed by the sheriff, and that at the time of the commission of the alleged offense by appellant he was carrying the warrant in good faith for the purpose of executing it on the defendant therein named. The statute permits the carrying of concealed deadly weapons by sheriffs, constables, marshals, policemen and other ministerial officers when necessary for their protection in the discharge of their official duties. Kentucky Statutes, section 1313. A sheriff may by writing empower any person to execute an original or mesne process, and the appointee's endorsement on the process, when made in conformity with the statute, has the same validity and effect as if made by the sheriff. Kentucky Statutes, section 4562; Civil Code, section 47. As the person so appointed becomes a special bailiff

charged with the duty of executing the process, and for the time being takes the place of the sheriff himself, it seems to us that while so engaged he is exercising a portion of the functions of government and becomes a ministerial officer within the meaning of the statute. City of Louisville v. Wilson, 99 Ky. 598; 36 S. W. 944; 27 Cyc. 795. In reaching this conclusion we do not mean to hold that a special bailiff is authorized to carry a concealed deadly weapon at all times and places until the process is served, but only when he is actually engaged in a *bona fide* effort to find the defendant and execute the process. It follows that the evidence complained of should have been admitted.

Judgment reversed and cause remanded for new trial consistent with this opinion.